RAMÓN DANIEL MARTÍNEZ SORIA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, *Ex parte*, demandado.

Número: RE-94-493          Resuelto: 1ro de noviembre de 1995

*Maritza Hernández*, abogada de la parte peticionaria; *Carlos Lugo Fiol, Procurador General Interino, y Delmarie Vega*

*Lugo, Procuradora General Auxiliar,* abogados de la Procuradora Especial de Relaciones de Familia.

## SENTENCIA

Tenemos ante nos un asunto importante que reviste un gran interés público. Se trata de la cuestión de si el término de dos (2) años que establecía el Art. 613E de la Ley de Procedimientos Legales Especiales, 32 L.P.R.A. ant. sec. 2697,[1] para impugnar una adopción —cuando es el propio hijo adoptivo, que fuera adoptado siendo menor de edad, quien la impugna— debe comenzar a decursar una vez el menor adoptado llegue a la mayoridad.

Lo anterior no obstante, nos vemos impedidos de adjudicar la controversia en esta ocasión. Independientemente de los méritos de los planteamientos esbozados ante nos por la recurrente, nos vemos impedidos de atender su reclamo debido a que la sentencia recurrida se dictó sin jurisdicción por falta de parte indispensable, toda vez que nunca se notificó acerca de la acción al padre adoptante ni al padre biológico de la recurrente.

Exponemos a continuación una breve sinopsis de los hechos y del trámite procesal del caso de autos, según surgen del expediente ante nos.

### I

La recurrente, Gladys de los Ángeles Martínez Montañez, nació el 20 de noviembre de 1972. Fue la segunda hija procreada en el matrimonio integrado por los esposos Gladys Montañez Miranda y Eugenio Figarella Picó. Dicho

---

[1] El Art. 613E de la Ley de Procedimientos Legales Especiales, 32 L.P.R.A. ant. sec. 2697, fue derogado por la Ley Núm. 9 de 19 de enero de 1995 (32 L.P.R.A. sec. 2699 *et seq.*). Ello no obstante, al momento cuando se suscitaron los hechos del caso de marras y de instarse la acción que nos ocupa, el referido Art. 613E estaba vigente. El nuevo Art. 19 de la Ley de Procedimientos Legales Especiales, 32 L.P.R.A. sec. 2699r, reduce el término a un (1) año. Lo que aquí resolviéramos, le aplicaría.

vínculo matrimonial quedó disuelto tiempo después mediante una sentencia de divorcio.

El 11 de julio de 1977, cuando la recurrente tenía cuatro (4) años de edad, su madre contrajo segundas nupcias con Ramón Daniel Martínez Soria. Así transcurrieron los años, viviendo bajo el mismo techo: la recurrente, su hermana mayor, su madre, el esposo de su madre y una nueva hermana fruto de ese segundo matrimonio.

El 30 de noviembre de 1989, fecha cuando la recurrente ya contaba con diecisiete (17) años de edad, Martínez Soria procuró en el Tribunal Superior, Sala de San Juan, la adopción de ésta y de su hermana mayor, nacidas en el primer matrimonio de su esposa. Acompañó su pedido con dos (2) declaraciones juradas, una de su parte y la otra suscrita por el padre biológico de las menores, mediante la cual éste último expresaba su consentimiento a la solicitud de adopción hecha por el esposo de su ex cónyuge.

Luego de varios trámites procesales, el 22 de enero de 1992, fecha cuando la recurrente había cumplido diecinueve (19) años de edad, el tribunal de instancia celebró una vista para considerar la solicitud de Martínez Soria. Luego de escuchar al peticionario, a su esposa —madre biológica de las menores— al padre biológico de éstas y a las propias menores, todos conformes con la adopción, consideró el informe del Departamento de Servicios Sociales, que recomendaba de manera favorable la adopción.

Sometido el caso, el mismo 22 de enero de 1992, el foro de instancia emitió sendas resoluciones mediante las cuales aprobó las adopciones en cuestión, declaró a ambas menores como hijas de Ramón Daniel Martínez Soria, a todos los fines y efectos de ley, y ordenó la correspondiente inscripción en el Registro Demográfico de Puerto Rico.

Así las cosas, el 26 de abril de 1994, dos (2) años y tres (3) meses después de haber sido decretadas las adopciones, pero a los cinco (5) meses de la recurrente haber cumplido veintiún (21) años de edad, ésta presentó una moción para

solicitar al tribunal de instancia que dejara sin efecto la aludida resolución de adopción bajo el fundamento de que desde los trece (13) años de edad había sido víctima de abuso sexual por parte de su padre adoptante.

En atención a dicha moción, el 19 de mayo de 1994 el tribunal de instancia dictó una orden dirigida a la recurrente para que la notificara a la Procuradora de Relaciones de Familia, a la parte adoptante y al abogado de dicha parte. Copia de esta orden fue enviada a quien era abogado de Martínez Soria en el proceso de adopción. Inconforme, la recurrente presentó una solicitud de reconsideración para que el tribunal dejara sin efecto su orden de notificación al padre adoptante. Argumentó que la Oficina de la Procuradora de Familia era la única debía ser notificada, e informó que ya se había notificado. Asimismo, el aludido abogado presentó una moción informativa y sobre su renuncia profesional. En ésta, aceptó haber sido el representante legal durante todo el proceso de adopción, sin embargo, le solicitó al tribunal que le permitiera renunciar a la representación del caso toda vez que sus gestiones para localizar a la madre biológica de la recurrente habían resultado infructuosas y reinaba un estado de total incomunicación entre ambos.

El 28 de junio de 1994, el tribunal dictó otra orden para que la Procuradora de Relaciones de Familia se expresara, a la vez que declaró ha lugar la solicitud de reconsideración de la recurrente. Unos días más tarde, el tribunal aceptó la renuncia de representación legal del abogado en cuestión.

La Procuradora Especial de Relaciones de Familia compareció el 3 de agosto de 1994. En dicha comparecencia se opuso a la referida solicitud de reconsideración de la recurrente al plantear que ésta no procedía en derecho, por cuanto se le estaba privando de un derecho al padre adoptante sin que se le hubiese notificado y sin darle la oportunidad de ser oído. Se opuso, además, a la moción sobre la

renuncia de la representación legal, por cuanto el cliente del referido abogado no era la madre biológica de la recurrente, sino el padre adoptante.

El 8 de agosto de 1994, el tribunal dejó sin efecto su orden previa que declaraba con lugar la moción de reconsideración de la recurrente y, en su defecto, ordenó de nuevo que se notificara al padre adoptante por considerarlo parte indispensable. La recurrente se opuso nuevamente a la orden del tribunal para que se notificara al padre adoptante, argumentando que dicha orden convertiría su petición en un procedimiento contencioso, cuando contra el padre adoptante no se hacía reclamación alguna. El 24 de agosto de 1994, la recurrente presentó una moción aclaratoria en la cual expresó lo siguiente, y citamos:

> Esta parte tomará la decisión de notificar al padre adoptante cuando este Tribunal tome la decisión de ver el caso en sus méritos o no verlo ....

El abogado de Martínez Soria también compareció otra vez para alegar que tampoco mantenía comunicación de clase alguna con este último y solicitó que aceptaran su renuncia a la representación legal del padre adoptante.

Así las cosas, el 12 de septiembre de 1994, el tribunal de instancia emitió la resolución siguiente:

> Examinada la Moción solicitando que se deje sin efecto Resolución de Adopción, Solicitud de Reconsideración, así como la Moción contestando Moción de Relevo y demás escritos presentados, este Tribunal resuelve conforme al Art. 613 E del Código de Enjuiciamiento Civil, 32 L.P.R.A. Sec. 2697:
> "Transcurrido el período de dos años desde la fecha de la resolución del tribunal autorizando la adopción, cualquier irregularidad en los procedimientos se considerará subsanada y la validez de la adopción no podrá ser atacada directa ni colateralmente en ningún procedimiento."
> Se declara No Ha Lugar la Moción solicitando que se deje sin efecto Resolución de Adopción.

De dicha resolución, la recurrente oportunamente solicitó la reconsideración. El 4 de noviembre de 1994, el tri-

bunal de instancia la acogió y le concedió un término a la Procuradora de Relaciones de Familia para que se expresara. El mismo día, el tribunal "tomó conocimiento" de la aludida moción aclaratoria de la recurrente.

El último documento que consta en autos en instancia es una Moción Informativa de 10 de noviembre de 1994 de la Procuradora de Relaciones de Familia, en la que ésta "[n]uevamente alega que el peticionario tiene que ser notificado de las alegaciones que se hacen en su contra".

El 13 de octubre de 1994, la recurrente presentó su recurso de revisión ante esta Curia. En éste no hace referencia ni presenta planteamiento alguno sobre la orden del tribunal de instancia de notificación al padre adoptante.

Expedimos el auto el 15 de diciembre de 1994.

La Procuradora Especial de Relaciones de Familia compareció ante nos el 9 de mayo de 1995, representada por el Procurador General de Puerto Rico. Sobre el particular plantea la Procuradora que "el presente caso no puede ser finalmente resuelto sin que el padre-adoptante tenga su día en corte para establecer su posición con relación a las controversias que aquí se dilucidan".

Analizadas las comparecencias de las partes, con el beneficio de los autos originales, procedemos a resolver.

## II

Si bien el tribunal de instancia concluyó correctamente que el padre adoptante es parte indispensable en un proceso de impugnación de adopción, posteriormente no efectuó señalamiento específico alguno sobre la tenaz oposición de la recurrente y su determinación de notificarle al padre adoptante sólo si el tribunal entraba a dilucidar los méritos del caso. La resolución recurrida se dictó sin que se hubiese notificado al padre adoptante y sin que en ésta constare pronunciamiento alguno sobre el particular. Tam-

poco se notificó de dicha acción al padre biológico de la recurrente.

De entrada, debemos señalar que el asunto de excluir una parte indispensable es de orden tan vital y relevante que puede presentarse en apelación por primera vez o aun suscitarse por el tribunal *sua sponte. Hernández Agosto v. López Nieves*, 114 D.P.R. 601 (1983). Esto es por razón de que la omisión de una parte indispensable es motivo para desestimar un pleito. *Meléndez Gutiérrez v. E.L.A.*, 113 D.P.R. 811, 816 (1983).

La Regla 16.1 de Procedimiento Civil dispone sobre la acumulación indispensable de partes:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada. 32 L.P.R.A. Ap. III.

Interpretando dicha sección hemos sostenido que cuando no se les ha brindado la oportunidad de salvaguardar unos derechos a personas ausentes del pleito, no se le puede imprimir finalidad a la adjudicación de la controversia medular. Dichas personas tienen que ser acumuladas como partes. No es suficiente ni siquiera que el ausente haya sido informado de su oportunidad de intervenir en el pleito; mientras no se le haya hecho parte, no se le puede privar de sus derechos mediante sentencia. *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593, 604 (1989). De no acumularse las personas referidas como partes en el proceso de impugnación de adopción, procedería la desestimación de la causa de acción.

En una acción de impugnación de adopción, ciertamente el padre adoptante podría ver afectados sus derechos e intereses. Lo que se solicita en dicha acción es precisamente anular la resolución de adopción que se dictó a raíz de la petición que el padre adoptante le hizo al tribunal. De

ésta declararse con lugar, el padre adoptante perdería todos los derechos adquiridos como padre sobre y en relación con sus hijos(as) adoptivos(as), para todos los fines y efectos de la ley. No es posible ni siquiera considerar el asunto sin notificar previamente al padre adoptante y brindarle a éste la oportunidad de ser oído y de oponerse.

Esto es particularmente importante en el caso de marras, en el cual se han hecho graves imputaciones contra el padre adoptante. Antes de dictarse la sentencia tenía que haberse notificado y emplazado a Martínez Soria en relación con la acción instada por la recurrente.

## III

El padre biológico de la recurrente también tiene derecho a ser notificado acerca de esta acción. Nótese que durante el trámite legal de adopción éste prestó una declaración jurada en la que consentía la adopción, lo que posteriormente ratificó en corte abierta en ocasión de celebrarse la vista evidenciaria. Una vez emitida la resolución de adopción, quedó roto todo vínculo jurídico entre el padre biológico y la recurrente.

De dejarse sin efecto la resolución de adopción, el estado de derecho revertiría a la situación prevaleciente antes del decreto judicial, es decir, colocaría a la recurrente de nuevo como hija de su padre biológico, para todos los fines y efectos de ley. Éste automáticamente adquiriría innumerables derechos, obligaciones y responsabilidades que previamente había renunciado. Resulta evidente, pues, que al dilucidarse la acción instada por la recurrente, el padre biológico podría ver afectados sus intereses, por lo que éste también es una parte indispensable en este proceso. Debe notificársele a Figarella Picó de la acción instada por la recurrente.

## IV

Por las razones antes expresadas, *se expide el auto, se dicta sentencia mediante la cual se deja sin efecto la dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, y se devuelve éste a dicho tribunal para procedimientos ulteriores compatibles con lo aquí expresado.*

Lo pronunció, manda el Tribunal y certifica el señor Secretario General. La Juez Asociada Señora Naveira de Rodón concurrió sin opinión escrita. El Juez Asociado Señor Corrada Del Río concurrió con una opinión escrita, a la cual se unió el Juez Asociado Señor Hernández Denton.

(*Fdo.*) Francisco R. Agrait Lladó
Secretario General

— O —

Opinión concurrente emitida por el Juez Asociado señor Corrada Del Río, a la cual se uné el Juez Asociado Señor Hernández Denton.

Nos vemos precisados a emitir un voto para concurrir con el resultado de la sentencia, pero no con ciertas expresiones contenidas en ésta las cuales objetamos por considerarlas inaceptables y no apropiadas.

## I

Se trata de un recurso de revisión presentado por Gladys de los Ángeles Martínez Montañez (en adelante la recurrente), hija adoptiva de Ramón Daniel Martínez Soria, para solicitar que revoquemos la resolución y orden dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, el 12 de septiembre de 1994, mediante la cual declaró NO HA LUGAR la petición de la recurrente para que

se deje sin efecto la Resolución de Adopción de 22 de enero de 1992 emitida por el Honorable Juez Ángel D. Ramírez Ramírez.

La petición para impugnar la adopción fue instada por la recurrente el 26 de abril de 1994, dos (2) años y tres (3) meses después de decretada la adopción. La recurrente cumplió veintiún (21) años el 20 de noviembre de 1993, por lo que impugnó la adopción cinco (5) meses y una (1) semana después de llegar a esa edad.

La recurrente es hija biológica de Gladys Montañez Miranda y Eugenio Figarella Picó, y la segunda hija procreada en el matrimonio constituido por ellos. Los padres de la recurrente se divorciaron, por lo cual la recurrente quedó bajo la custodia y patria potestad de su madre.

El 11 de julio de 1977, cuando la recurrente contaba con cuatro (4) años de edad, su madre contrajo matrimonio con Ramón Daniel Martínez Soria. El núcleo familiar estuvo compuesto desde entonces por el matrimonio Montañez Miranda-Martínez Soria, las dos (2) hijas de la señora Montañez Miranda y, posteriormente, por una hija habida como fruto de este matrimonio.

Cuando la recurrente ya había cumplido diecisiete (17) años de edad, el 30 de noviembre de 1989, el señor Martínez Soria, padrastro de la recurrente, peticionó ante el Tribunal Superior, Sala de San Juan, la adopción de la recurrente y de su hermana, frutos del primer matrimonio de su esposa.

El 22 de enero de 1992, contando la recurrente con diecinueve (19) años de edad, el tribunal efectuó la vista sobre la petición de adopción. Prestaron el consentimiento a la adopción la madre biológica (esposa del padre adoptante) y el padre biológico de la recurrente, así como la propia recurrente. La adopción fue recomendada de manera favorable por el Departamento de Servicios Sociales.

El tribunal de instancia aprobó, mediante sendas resoluciones, la adopción de la recurrente y la de su hermana por el padre adoptante, el 22 de enero de 1992, y ordenó la inscripción de rigor en el Registro Demográfico.

Dos (2) años y tres (3) meses después de haber sido decretadas las adopciones, el 26 de abril de 1994, la recurrente impugnó su adopción mediante una moción presentada ante el tribunal de instancia.

En dicha moción alegó que cuando cumplió los veintiún (21) años de edad, allá para el 20 de noviembre de 1993, buscó ayuda para mudarse del seno familiar y del control total al cual era sometida. Adujo haber sido víctima de abuso sexual por su padrastro, luego padre adoptante, desde los trece (13) años de manera ininterrumpida hasta que se mudó del hogar.

En la súplica de su moción solicitó que no deseaba constar como hija del padre adoptante en el Registro Demográfico y no deseaba llevar el apellido de éste.

El tribunal de instancia dictó una orden el 16 de mayo de 1994 para requerir a la recurrente que notificara con una copia de la moción impugnatoria a la Procuradora de Relaciones de Familia y a la parte adoptante y su abogado. Ordenó a la Secretaría del tribunal que notificara con una copia de la moción a la Fiscalía de Distrito para procesar la acción criminal correspondiente.

La recurrente pidió la reconsideración de dicha orden el 31 de mayo de 1994. Indicó que había notificado su moción a la Procuradora de Relaciones de Familia. Repitió las alegaciones de su moción original. Cuestionó la autoridad o facultad del padre adoptante para expresar su consentimiento a lo solicitado y alegó que el consentimiento prestado por el padre adoptante en el procedimiento de adopción no fue ratificado por ella. Pidió que se dejara sin efecto la orden de notificar al padre adoptante o a su abogado con una copia de su moción.

El tribunal de instancia, mediante Orden de 22 de julio de 1994, luego de considerar la referida moción de reconsideración, dictaminó que se le notificara al padre adoptante la moción, "por esta [sic] parte indispensable". Apéndice V.

Mediante "Moción al Amparo de la Regla 43 de Procedimiento Civil sobre Solicitud de Determinaciones de Hecho y de Derecho Adicionales/Moción de Reconsideración" de 17 de agosto de 1994 (Apéndice VI), la recurrente reiteró su interés de que se revocase la resolución de adopción y que se borrara el apellido de su padre adoptante de su inscripción de nacimiento; sostuvo que estuvo impedida, por razón de controles familiares, de recurrir al tribunal hasta dos (2) años y tres (3) meses de emitida la resolución de adopción; alegó que el término de dos (2) años no aplica a los menores de edad, y expresó que "[s]e interesa de este Honorable Tribunal provea el remedio solicitado *o determine cuál es el remedio que deba ser radicado* y se provea de las guías que esta parte debe seguir". (Énfasis suplido.) Apéndice VI, pág. 4.

El tribunal de instancia, mediante Resolución de 12 de septiembre de 1994, expresó que examinada la moción para solicitar que se dejara sin efecto la resolución de adopción, la solicitud de reconsideración, la moción contestando moción de relevo y demás escritos presentados, resolvía declarar NO HA LUGAR la moción para solicitar que se dejara sin efecto la resolución de adopción conforme con el Art. 613E del Código de Enjuiciamiento Civil, 32 L.P.R.A. ant. sec. 2697.

## II

Adviértase que el tribunal a quo, mediante Orden de 22 de julio de 1994, dictaminó que se le notificara la moción que pretendía anular la adopción al padre adoptante.[1]

---

[1] Apéndice V.

La recurrente se negó a cumplir con dicha orden mediante la Moción de 17 de agosto de 1994.([2]) Sostuvo "[q]ue el padre adoptante *no* es parte indispensable en esta petición porque lo que se va a evaluar no en [sic] si hubo o no el abuso sexual sino que *la peticionaria repudia el apellido de éste* por las razones expresadas". (Énfasis en el original).([3])

No puede haber duda de que si el tribunal a quo tomaba, como lo hizo, la petición de la recurrente como una acción para impugnar la adopción, el padre adoptante era una parte indispensable en el procedimiento. En un procedimiento de adopción las partes son: el o los adoptados; el o los adoptantes; el fiscal de distrito correspondiente o el Procurador de Relaciones de Familia; los padres del adoptado, cuando su presencia sea indispensable,([4]) y en su defecto, el tutor o defensor judicial del menor designado, los consejeros y representantes del Departamento de Servicios Sociales. *M.J.C.A., menor v. J.L.E.M., menor*, 124 D.P.R. 910, 923–924 (1989).

Siendo el padre adoptante una parte indispensable en la adopción, igualmente lo será en un procedimiento para su impugnación, máxime cuando se formulen alegaciones en su contra.

La Regla 16.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) dispone:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.

Una parte indispensable es aquella que podría ver afectados sus derechos e intereses al momento de dictarse una

---

([2]) Apéndice VI.

([3]) Apéndice VI, pág. 3.

([4]) No es indispensable la presencia de los padres o del tutor del adoptado en los casos en que los padres hayan renunciado previamente a la patria potestad del menor y transferido su custodia al Departamento de Servicios Sociales. 32 L.P.R.A. ant. sec. 2691.

sentencia o resolución por no encontrarse presente en el litigio. Véanse: *Fuentes v. Tribl. de Distrito*, 73 D.P.R. 959, 981 (1952); *Pueblo v. Henneman*, 61 D.P.R. 189, 194 (1942). La regla persigue que la persona que no esté presente quede protegida de los efectos legales de la sentencia y así evitar la multiplicación innecesaria de pleitos. *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593 (1989); *Hernández Agosto v. López Nieves*, 114 D.P.R. 601, 604–605 (1983); *Hernández Agosto v. Romero Barceló*, 112 D.P.R. 407, 412–413 (1982); *Pérez Ríos v. Hull Dobbs*, 107 D.P.R. 834, 841 (1978).

Es evidente que si la impugnación de la adopción es efectiva, afectará los derechos e intereses del padre adoptante.

La omisión de una parte indispensable es motivo para desestimar un pleito. *Meléndez Gutiérrez v. E.L.A.*, 113 D.P.R. 811, 816 (1983). Máxime cuando la parte se negó a cumplir con la orden del tribunal a quo para que se notificara al padre adoptante por ser éste una parte indispensable. Entendemos que este fundamento justifica, por sí sólo, denegar la moción de impugnación de adopción presentada por la recurrente.

### III

Nuestra sentencia deja sin efecto la dictada por el tribunal de instancia y se devuelve el caso a dicho tribunal para procedimientos ulteriores compatibles con lo aquí expuesto. Concurrimos con ese resultado, luego de advertir que en la propia sentencia se expresa que "[d]e no acumularse las personas referidas [el padre adoptante y el padre biológico] como partes en el proceso de impugnación de adopción, procedería la desestimación de la causa de acción". Sentencia, pág. 263.

Objetamos, por considerarlas inaceptables e impropias, las siguientes expresiones contenidas en la Sentencia:

Tenemos ante nos un asunto importante que reviste un gran interés público. Se trata de la cuestión de si el término de dos (2) años que establecía el Art. 613E de la Ley de Procedimientos Legales Especiales, 32 L.P.R.A. ant. sec. 2697, para impugnar una adopción —cuando es el propio hijo adoptivo, que fuera adoptado siendo menor de edad, quien la impugna— debe comenzar a decursar una vez el menor adoptado llegue a la mayoridad.

Lo anterior no obstante, nos vemos impedidos de adjudicar la controversia en esta ocasión. Independientemente de los méritos de los planteamientos esbozados ante nos por la recurrente, nos vemos impedidos de atender su reclamo debido a que la sentencia recurrida se dictó sin jurisdicción por falta de parte indispensable, toda vez que nunca se notificó acerca de la acción al padre adoptante ni al padre biológico de la recurrente. (Escolio omitido.) Sentencia, pág. 258.

Consideramos que dichos señalamientos podrían inducir a las partes a pensar que hemos prejuzgado dicha controversia y que hemos tenido un gran interés en resolverla, y que hemos devuelto el caso a instancia con el propósito de que, una vez se acumulen las partes indispensables en el proceso, el caso sea traído de nuevo ante nuestra consideración. En consecuencia, y en vista de que la cuestión ante nos que da lugar a nuestra sentencia es la falta de parte indispensable, es nuestro criterio que tales señalamientos resultan innecesarios e impropios. Adviértase que el cuadro fáctico que se nos presenta no cuenta con la comparecencia de las partes indispensables y, además, surge del expediente que la propia recurrente pudiera tener interés en otros remedios que redunden en no tener que llevar el apellido del padre adoptante.

No estamos adjudicando o intimando que la acción de impugnación de adopción en este caso es procedente o improcedente.