Rodríguez García, Juez Ponente
*974 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante este Foro, Tiburcio Rosario Olmeda, Providencia Fontanez Torres y la Sociedad de Gananciales Compuesta por Ambos, mediante apelación, presentada en 2 de noviembre de 2001. Éste nos-solicita la revisión y revocación de una sentencia emitida en 9 de abril de 2001, archivada en autos 'su notificación enmendada en 2 de octubre de 2001, por el Tribunal de Primera Instancia, Sala Superior de Humacao, Hon. Luis A. Amorós Álvarez, Juez. Mediante el referido dictamen, se declaró NO HA LUGAR la demanda presentada por el apelante y se ordenó su desestimación, archivo y cierre del caso con la imposición de las costas del proceso.
Examinado el expediente ante nuestra consideración, se desestima el recurso por falta de jurisdicción.
I. Trasfondo Fáctico y Procesal
En 19 de marzo de 1993, Tiburcio Rosario Olmeda, Providencia.Fontánez Torres y la Sociedad Legal de Gananciales Por Ellos Compuesta, presentaron Demanda sobre Deslinde, Injunction, División de Comunidad, Reivindicación y Daños y Perjuicios contra la Sucesión de Astacio t/c/p Eustacio Olmeda y González; la Sucesión de Inocencia González Ramos compuesta por: Victoria, Juana Amaranta t/c/p Mara, de apellidos Olmeda González; la Sucesión de Zoila Olmeda González, compuesta por: A, B, C Doe; Sucesión de María Olmeda González compuesta por Felicita Rosario Olmeda y Cecilia Rosario Olmeda; Sucesión de Lydia María Rosario Olmeda compuesta por: A, B, C Roe; Sucesión de Jovino Rosario Olmeda compuesta por; A, B, C Deo; Sucesión de Maximino t/c/p Casimiro Olmeda González compuesta por A, B, C Olmeda; Sucesión de Alfonso María del Carmen Olmeda González compuesta por: A, B, C, A Olmeda; Sucesión de Miguel Olmeda González compuesta por A, B, C, M Olmeda; Armando Olmeda Espinosa y su esposa Carmín Mercado y la Sociedad de Gananciales compuesta por ambos; Benjamín Olmeda Velázquez y su esposa Sonia Vega y la Sociedad de Gananciales Compuesta por Ambos y Luis Olmeda Espinosa.
En dicha demanda, la parte aquí apelante alegó que el día 6 de mayo de 1981, adquirió de Don Astacio Olmedo González, una finca rústica sita en el Barrio Mabú en Humacao, de 1.6922 cuerdas, pero que no había podido poseer la misma debido a que en el lindero sur, colindante con otra finca, propiedad de la Sucesión de Inocencia González Ramos se lo impedían, por lo que solicitó se realizara el deslinde y línea divisoria entre ambas fincas. Como segunda causa de acción se reclamó la titularidad sobre dos octavas partes de otra finca rústica en el Barrio Mabú, de 8.615 cuerdas, por haber sido adquiridas mediante la compraventa de derechos y acciones de un octavo de Don Astacio Olmeda González y un octavo por herencia.
Luego de ser emplazados, en 8 de junio de 1993, presentaron Contestación a Demanda, Armando Olmeda Espinosa y su esposa Carmín Mercado; Benjamín Olmeda Velázquez y su esposa Sonia Vega.
En 9 de julio de 1993, la parte apelante presentó Moción Informativa y Solicitud de Anotación de Rebeldía. En la misma, notificó al Tribunal lo siguiente, acerca de los co-demandados:

“Juana Amaranta t/c/p Mara Olmeda González fue debidamente emplazada en 2 de abril de 1993 y ala fecha no había contestado la demanda, por lo que se solicitó se anotara la rebeldía.

Felicita Rosario Olmeda fue emplazada en 3 de abril de 2003 y a la fecha no había contestado la demanda, por lo que se solicitó se anotara la rebeldía.

*975
Cecilia Rosario Olmeda emplazada en 3 de abril de 2003 y a la fecha no había contestado la demanda, por lo que se solicitó se anotara la rebeldía.

Armando Olmeda Espinosa y su esposa Carmín Mercado se sometieron voluntariamente a la jurisdicción del Tribunal mediante contestación a demanda.

Benjamín Olmeda Velázquez y su esposa Sonia Vega debidamente emplazados, contestaron demanda.

Luis Olmeda Espinosa fue debidamente emplazado y solicitó prórroga para presentar contestación.

Victoria Olmeda González reside en Estados Unidos y se desconoce su paradero.

Sucesión de Zoila Olmeda González, la Sucesión de María Olmeda González, la Sucesión de Lydia María Rosario Olmeda, la Sucesión de Miguel Olmeda González, la Sucesión de Maximino González, la Sucesión de Alfonso María del Carmen Olmeda González, se desconoce los miembros de las misma, su identidad y su paradero.

Luis Olmeda Espinosa presentó Contestación a Demanda en 29 de julio de 1993. ”

Luego de varios trámites procesales, la parte apelante presentó Moción Solicitando Anotación de Rebeldía y Publicación por Edicto con fecha de 8 de noviembre de 1995. Mediante dicha moción, se le notificó nuevamente al Tribunal lo informado mediante moción de 9 de julio de 2003, antes mencionada, y además se solicitó el emplazamiento por edictos de los siguientes co-demandados: Victoria Olmeda González; Sucesión de Zoila Olmeda González, compuesta por A, B, C Doe; Sucesión de Lydia María Rosario Olmeda, compuesta por A, B, C Roe; Sucesión de Miguel Olmeda González, compuesta por A, B, C, M Olmeda; Sucesión de Maximino González t/c/p Casimiro Olmeda González compuesta por A, B, C Olmeda y la Sucesión de Alfonso María del Carmen Olmeda González compuesta por: A, B, C, A Olmeda.
Según surge de la Minuta de la vista sobre el estado de los procedimientos celebrada en 20 de septiembre de 1996, el Tribunal autorizó el emplazamiento de los co-demandados desconocidos, siempre y cuando se hiciera constar mediante declaración jurada el desconocimiento del paradero de éstos.
En 20 de septiembre de 1996, Victoria Olmedo viuda de López presentó Contestación a Demanda, en la que sólo indicó:
“La compareciente solicita que se ordene la división y adjudicación de la herencia y/o comunidad de bienes que existe entre las partes adjudicándosele lo que le corresponda conforme a derecho.” (Apelación, Apéndice pág. 51)
En 9 de diciembre de 1996, la parte apelante presentó Moción Sobre Emplazamiento por Edicto, acompañado de una Declaración Jurada, en la que solicitan el emplazamiento por edicto de la Sucesión de Zoila Olmeda González, la Sucesión de Lydia María Rosario Olmeda, la Sucesión de Miguel Olmeda González, la Sucesión de Maximino González, la Sucesión de Alfonso María del Carmen Olmeda González, por desconocerse la identidad personal y el paradero de sus miembros.
Atendida la referida Moción, en 24 de diciembre de 1996, el Tribunal dictó Orden expresando lo siguiente: "Exprese la parte demandante mediante declaración jurada, las gestiones efectuadas para conseguir los nombres de los miembros de las sucesiones y proveeremos en veinte (20) días."
Posteriormente, en 3 de febrero de 1997, el Tribunal dictó Orden en la que declaró NO HA LUGAR la *976 moción sobre emplazamiento por edicto.
En 19 de febrero de 1998, la Sucesión de Zoila Olmedo González presentó Moción Sometiéndose a la Jurisdicción, Contestación a Demanda e Informativa, en la que contestan la demanda en iguales términos a los de la co-demandada Victoria Olmedo Viuda de López.
En 25 de febrero de 1998, el Ledo. Arcelio Maldonado Rodríguez solicitó el relevo de representación legal en cuanto a los codemandados Armando Olmeda Espinosa y su esposa Carmín Mercado por el fallecimiento de éste, debido a que sus sucesores no habían autorizado su representación legal, por falta de pago y cooperación. La renuncia fue aceptada en 26 de febrero de 1998.
Luego de varios trámites procesales, la vista fue celebrada los días 14, 15 y 16 de febrero de 2001. Avalada la prueba testifical y documental presentada, el Tribunal de Primera Instancia dictó sentencia en 9 de abril de 2001, en la que declaró NO HA LUGAR la demanda presentada por entender que la parte demandante no aportó prueba preponderante conforme a la Regla 10(F) de Evidencia, además de ordenar la desestimación, archivo y cierre del caso con la imposición de las costas del proceso. Dicha sentencia fue notificada en 2 de octubre de 2001.
En 9 de octubre de 2001, los aquí apelantes presentaron reconsideración, solicitando se dejare sin efecto la sentencia. La misma fue declarada SIN LUGAR en 16 de octubre, notificada a las partes en 18 de octubre de 2001.
Inconforme con la determinación del Tribunal de Primera Instancia, en 2 de noviembre de 2001, la parte demandante presentó un escrito de apelación, en el que señala la comisión de los siguientes errores:

“PRIMER ERROR: Erró el Honorable Tribunal de Instancia al declarar sin lugar la suspensión de la vista en sus méritos solicitada por la parte demandante, toda vez que el perito designado por el Tribunal no había cumplido con su encomienda de efectuar un plano deslindando las fincas de la parte demandante y de la parte demandada, circunstancia no atribuible a su responsabilidad.

SEGUNDO ERROR: Erró el Honorable Tribunal de Instancia al ordenar el señalamiento de la vista en sus méritos del presente caso: a) toda vez que no se emplazó a todos y a cada uno de los miembros de las sucesiones demandadas, por lo que hay defecto de las partes y en su consecuencia, ausencia de jurisdicción; y (b) porque una de las partes en el pleito no suscribió el informe de conferencia con antelación al juicio, lo que conlleva ausencia de jurisdicción y la sentencia dictada jamás se convertiría en final y firme.

TERCER ERROR: Erró el Honorable Tribunal de Instancia al declarar sin lugar la demanda por el mero hecho de que no se presentó prueba suficiente en derecho que motivara el deslinde solicitado, toda vez que esa situación había sido resuelta por el Tribunal mediante resolución y orden final y firme, siendo improcedente en derecho que el Tribunal entrara a considerarlo mediante la presentación de prueba.

CUARTO ERROR: Erró el Honorable Tribunal de Instancia al declarar sin lugar la demanda presentada por el fundamento de que la parte demandante no descargó su obligación conforme a la Ley de Evidencia de probar sus alegaciones básicas y esenciales en cuanto a si la parte demandada ilegalmente ha estado en posesión de terrenos pertenecientes a los demandantes que ameritarían de un deslinde, así como su reivindicación como daños y perjuicios por todos los años que han estado ocasionando.

QUINTO ERROR: Erró el Honorable Tribunal de Instancia al no resolver todas las controversias que le fueron sometidas, resolviendo sólo la controversia en cuanto al deslinde y sin resolver la división de comunidad de bienes y acción en daños y perjuicios.

*977
SEXTO ERROR: Erró el Honorable Tribunal de Instancia al no admitir en evidencia las siguientes: Identificaciones 4 y 5) escrituras mediante la cual los herederos de Gervasio Olmeda y Castro e Inocencia González Ramos vendieron sus fincas y/o participaciones que por herencia adquirieron de éstos, por no ser partes interesadas y porque previamente así se había informado al Tribunal, siendo un hecho incuestionable; así como la identificación; 6) plano de mensura porque este es un documento complementario que se hace constar en las certificaciones regístrales sometidas. ”

II. Derecho Aplicable y Análisis
De entrada, cabe señalar que el error señalado como "SEGUNDO" inciso(a), es suficiente para determinar que erró el Tribunal de Primera Instancia al celebrar la vista en su fondo del presente caso y emitir Sentencia sin haber adquirido el Tribunal de Primera Instancia, jurisdicción sobre todas las partes indispensables en el presente pleito. Por lo tanto, se trata de una sentencia nula y el presente recurso, uno prematuro, por lo que nos vemos obligados a desestimar el mismo por estar privados de jurisdicción.
No surge del expediente que las sucesiones de Maña Olmedo González, Lydia María Rosario Olmeda, Jovino Rosario Olmeda, Maximino t/c/p Casimiro Olmeda González, Alfonso María del Carmen Olmeda González y Miguel Olmeda González fueran emplazadas y tampoco lo fueran cada uno de sus miembros, por lo que el Tribunal de Primera Instancia nunca obtuvo jurisdicción sobre ellas. De la misma manera no surge que los miembros de las mencionadas sucesiones fuesen tan siquiera debidamente identificados e incluidos como partes en el litigio. Reglas 4 y 16.1 de las de Procedimiento Civil, 32 L.P.R.A Ap. HI, Reglas 4 y 16.1; Rodríguez Rodríguez v. Moreno Rodríguez, 135 D.P.R. 623 (1994).
En cuanto a la sucesión de Armando Olmeda Espinosa, tras el fallecimiento de éste, el Tribunal tampoco ordenó la sustitución de sus herederos, ni fueron debidamente emplazados, por lo que existe defecto de partes y falta de jurisdicción. Regla 22.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. DI, R. 22.1; Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664 (1989).
En el caso de las sucesiones, éstas no gozan de personalidad jurídica propia. Cualquier reclamación deberá dirigirse contra cada uno de los miembros que la componen. Pino Development v. Registradora, 133 D.P.R. 373, 388 (1993); Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 687 (1989); Fuentes v. Tribunal, de Distrito, 73 D.P.R. 959, 987 (1952); Paine v. Secretario de Justicia 85 D.P.R. 817, 820 (1962). Por lo tanto, "para que una sucesión pueda demandar y ser demandada, es necesario que se particularice e individualice expresando los nombres de los miembros que la componen". Fuentes v. Tribunal de Distrito, supra, a la pág. 987. Así, son los componentes de la sucesión los que deben aparecer como demandantes o demandados, ya que la misma no es una entidad legal independiente, Cancel v. Martínez 74 D.P.R. 108, 115 (1952). Cuando se demanda a una sucesión, si no se dan los nombres completos de sus herederos, deben darse las razones que justifiquen tal omisión. Fuentes v. Tribunal de Distrito, supra, a la pág. 987.
Por otro lado, la Regla 4.2 de Procedimiento Civil, 32 L.P.R.A. Ap. m, R. 4.2, dispone sobre la forma en que se debe realizar un emplazamiento y expresa:

“El emplazamiento deberá ser firmado por el secretario, llevará el nombre y el sello del tribunal con especificación de la sección y sala, y los nombres de las partes; se dirigirá al demandado; hará constar el nombre, dirección y teléfono del abogado del demandante, si lo hubiere, o en su defecto la dirección del demandante, y el plazo dentro del cual estas reglas exigen que comparezca el demandado, apercibiéndole que de así no hacerlo podrá dictarse sentencia en rebeldía en su contra concediendo el remedio solicitado en la demanda. ”

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado la reclamación en *978 su contra y el tribunal adquiere jurisdicción sobre su persona para resolver el asunto. De esta forma se garantiza al demandado su derecho a ser oído y a defenderse, si así lo estima conveniente. Rivera Báez v. Jaume Andújar, 156 D.P.R. _ (2002), 2002 J.T.S. 107; Quiñones Román v. Cía ABC, 152 D.P.R. _ (2000), 2000 J.T.S. 172; Márquez v. Barreto, 143 D.P.R. 137 (1997); Bco. Central Corp. v. Capitol Plaza, Inc., 135 D.P.R. 760, 763 (1994); First Bank v. Inmob. Nac., Inc., 144 D.P.R. 901, 912 (1998).
El Tribunal Supremo indicó en Echevarria Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 687 (1989), que un miembro de una sucesión es una parte indispensable cuando en un caso exista una controversia relacionado con algún bien que sea propiedad de la sucesión.
La acumulación indispensable de partes está regulada por la Regla 16 de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R. 16. A estos fines, dispone la Regla 16.1 que:

“Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada. ”

El Tribunal Supremo ha definido a una parte indispensable como "aquella persona cuyos derechos e intereses podrían quedar destruidos [sic.] o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio". Sánchez v. Sánchez, _ D.P.R. _ (2001), 2001 J.T.S. 112; Fred y otros v. E.L. A., _ D.P.R. _ (2000), 2000 J.T.S. 62; Cepeda Torres v. García Ortiz, 132 D.P.R. 698, 704 (1993), reiterando a Fuentes v. Tribl. de Distrito, 73 D.P.R. 959, 981 (1952). Por ende, de no incluir a dicha parte en el pleito, la sentencia dictada no sería válida. Unisys v. Ramallo Brothers, 128 D.P.R. 842, 859 (1991).
En Cepeda Torres v. García Ortiz, supra, el Tribunal Supremo también sostuvo que la Regla 16.1 de Procedimiento Civil, supra, "se inspira en dos (2) axiomas que preordenan nuestro quehacer jurídico. El primero es la protección constitucional que impide que persona alguna sea privada de la libertad y propiedad sin un debido proceso de ley. (Citas omitidas.) El segundo es la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo... ".
Además, el Tribunal Supremo ha señalado que el propósito de la Regla 16.1 de Procedimiento Civil, supra, es proteger a las personas ausentes de los posibles efectos perjudiciales de la resolución del caso y evitar la multiplicidad de pleitos. Metropolitan Marble Corp. v. Pichardo, 145 D.P.R. 607 (1998). Cuando a una persona ausente no se le ha brindado oportunidad para salvaguardar unos derechos, no se le puede imprimir finalidad a la adjudicación de la controversia medular. No basta con que el ausente haya sido informado de su oportunidad de intervenir en el pleito; ha de ser acumulada como parte. Lo contrario, conllevaría la desestimación del pleito. Martínez Soria v. Tribunal Superior, 139 D.P.R. 257 (1995).
Respecto del "interés común" al que se refiere la regla, el Tribunal Supremo expresó que no se trataba de cualquier interés en el pleito. ”[E]l interés afectado tiene que ser de índole real e inmediata, al extremo de impedir la confección de un decreto sin afectarlo." Hernández Agosto v. López Nieves, supra, a las págs. 610-11.
En el caso de autos, las propiedades en controversia componen la comunidad de bienes hereditarios de distintas sucesiones, entre ellas, las sucesiones de María Olmedo González, Lydia María Rosario Olmeda, Jovino Rosario Olmeda, Maximino t/c/p Casimiro Olmeda González, Alfonso María del Carmen Olmeda González, Miguel Olmeda González y Armando Olmeda Espinosa. Cifertamente, lo que se decida sobre los bienes del caudal hereditario afecta los derechos de cada uno de los miembros de las sucesiones. La ausencia de uno o varios de ellos constituye un defecto de parte indispensable, ya que se adjudicarían derechos de una persona que no está sujeta a la jurisdicción del tribunal. Era imprescindible incluir a todos los miembros de *979 dicha sucesión como personas con un interés común en los bienes en litigio, para evitar que sean privados de su propiedad sin el debido proceso de ley.
Un examen de los hechos del caso ante nuestra consideración nos revela que la Sentencia dictada por el Tribunal de Primera Instancia es nula, debido a que dicho foro no adquirió jurisdicción sobre los sucesores hereditarios de los codemandados de Maria Olmedo González, Lydia María Rosario Olmeda, Jovino Rosario Olmeda, Maximino t/c/p Casimiro Olmeda González, Alfonso María del Carmen Olmeda González, Miguel Olmeda González y Armando Olmeda Espinosa, previo a emitir la misma. En el presente caso, no pudieron ser identificados los miembros de las mencionadas sucesiones y no fueron debidamente emplazados. En el caso específico del deceso del codemandado Armando Olmeda Espinosa, procedía hacer la sustitución por sus herederos antes de proseguir con los trámites del caso. No obstante, el Tribunal de Primera Instancia prosiguió con los trámites y emitió la sentencia apelada sin que se diligenciaran los emplazamientos y se hiciera la sustitución correspondiente. Dichos sucesores constituyen una parte indispensable en este caso, cuya presencia es imprescindible para poder conceder un remedio completo y evitar así una multiplicidad de pleitos. Ante la situación planteada, queda evidente que no existe dictamen váhdo del cual se pueda recurrir ante nos, lo que nos priva de jurisdicción. Julia Padró v. Epifanio Vidal, 153 D.P.R. _ (2001), 2001 J.T.S. 18.
Como se sabe, las cuestiones de jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia, y por ende, una vez un tribunal determina que no tiene jurisdicción viene obbgado a desestimar el caso. Regla 10.8 (c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10. Antes de considerar los méritos de una revisión, un certiorari o una apelación, todo tribunal tiene que cotejar si el foro de donde proviene el recurso actuó con jurisdicción, además del ineludible deber de auscultar su propia jurisdicción para atender el recurso ante sí. Si el tribunal carece de jurisdicción, ésta nunca puede ser subsanada ni por las partes ni por el tribunal. Vázquez v. A.R.P.E., 128 D.P.R. 513, (1991); Pueblo v. Miranda Colón, 115 D.P.R. 511 (1984); Soc. de Gananciales v. A.F.F., 108 D.P.R. 644 (1979).
Determinamos pues, que carecemos de jurisdicción para revisar la sentencia en este caso. Procede pues que el tribunal a quo, previo a emitir cualquier nueva determinación sobre los méritos del caso ante su consideración, autorice los emplazamientos a los miembros de las sucesiones de Maria Olmedo González, Lydia María Rosario Olmeda, Jovino Rosario Olmeda, Maximino t/c/p Casimiro Olmeda González, Alfonso María del Carmen Olmeda González y Miguel Olmeda González, así como la sustitución de parte a que obliga el fallecimiento del codemandado Armando Olmeda Espinosa y los debidos emplazamientos.
Por la conclusión a la que hemos llegado, no procede discutir los errores señalados por la parte apelante en su escrito de apelación.
Por las consideraciones antes expuestas, se desestima el recurso por falta de jurisdicción.
Notifíquese.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General