*946 TEXTO COMPLETO DE LA SENTENCIA
El peticionario, Yamil Valentín González, nos solicita que revisemos la orden emitida por el Tribunal de Primera Instancia, Sala de Bayamón, el 6 de octubre de 2006. En ésta se declaró Con Lugar la moción presentada por la parte recurrida en oposición a su solicitud de relevo de la sentencia emitida el 10 de mayo de 2006. Mediante dicha sentencia, el referido foro declaró nulo el título que poseían los padres del peticionario sobre cierta propiedad.
Examinados los autos originales del caso, las regrabaciones de las vistas celebradas, así como el derecho aplicable, procedemos a expedir el auto solicitado y revocar la resolución recurrida.
I
El caso ante nuestra consideración presenta un historial procesal prolongado y accidentado que adolece de nulidad radical, la cual no es susceptible de convalidación. Veamos.
El 13 de febrero de 2001, Raquel, Virginia, Carlyle, Luis Guillermo y Aracelis, todos de apellido Valentín Maldonado (en adelante recurridos), presentaron una demanda sobre nulidad de título contra Dalia L, Yessid, Mildred M. y Abner, todos de apellido Valentín González; Domiciano, Celso y Rubén, todos de apellido Valentín Maldonado; y la sucesión de Rodolfo Valentín, compuesta por sus hijos Daisy, Rodolfo y Verónica. Adujeron, en síntesis, que el título que el señor Domiciano Valentín Maldonado (en adelante señor Valentín Maldonado) y sus hijos Dalia I, Yessid, Mildred M. y Abner Valentín González poseían sobre cierto inmueble era nulo. Además, sostuvieron que el referido inmueble le pertenecía a su madre, la señora Clotilde Maldonado Vázquez (en adelante señora Maldonado Vázquez), ya fallecida. Por lo tanto, solicitaron se declarara nulo el referido título y, en consecuencia, se declarara titular a la señora Maldonado Vázquez.
Luego de varios trámites procesales, el 11 de febrero de 2005, se celebró la vista en su fondo. Según surge de la minuta de la misma, el señor Yamil Valentín González (en adelante peticionario) estuvo presente durante la vista e informó que su padre, el señor Valentín González, no compareció alegadamente por razones de salud. Posteriormente, el 5 de mayo de 2006, notificada el 10 de mayo de 2006, el TPI emitió sentencia. Mediante la misma declaró nulo el título del señor Valentín Maldonado y sus hijos, Yessid, Mildred M., Dalia y Abner Valentín González. Además, se declaró titular del inmueble a la señora Maldonado Vázquez.
El 16 de junio de 2006, el peticionario presentó una solicitud de relevo de sentencia por falta de parte indispensable. Sostuvo, en síntesis, que mediante la demanda que originó el caso se impugnó un título inscrito a favor de su padre, el señor Valentín González y su madre, la señora Carmen Milagros González (en adelante *947 señora González). Adujo que debido a que su madre falleció los recurridos incluyeron como demandados a los hijos de ésta, a saber Yessid, Mildred M., Dalia y Abner. Sin embargo, alegó que él, a pesar de también ser hijo de la señora González, no fue incluido en la demanda, por lo que la sentencia era nula. En vista de ello, solicitó se dejara sin efecto la sentencia, ya que en la misma se dispuso, sin su participación, sobre la titularidad de un inmueble en el cual tenía un legítimo interés propietario.
Por su parte, los recurridos, representados por una nueva representación legal, se opusieron al relevo solicitado. Argüyeron que el peticionario fue parte del caso. Ello debido a que éste alegadamente presenció las vistas del mismo e hizo expresiones en corte abierta. Además, adujeron que el peticionario se comunicó en varias ocasiones con su anterior representante legal con miras a transigir el caso. Por último, los recurridos sostuvieron que el relevo solicitado no se justificaba y que el peticionario tuvo pleno conocimiento del caso, al punto de que participó en el mismo.
Así las cosas, el 6 de octubre de 2006, notificada el 9 de octubre de 2006, el TPI declaró con lugar la referida oposición. Oportunamente, el peticionario solicitó reconsideración. Por su parte, el TPI declaró no ha lugar dicha solicitud. En vista de ello, el 9 de noviembre de 2006, el peticionario presentó el recurso que nos ocupa. Sostiene que incidió el TPI al determinar que no procedía el relevo de sentencia.
II
El ordenamiento procesal requiere la inclusión en el pleito de toda parte indispensable para la adjudicación de la controversia. La jurisprudencia ha definido parte indispensable como aquella persona natural o jurídica cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio. Fred y otros v. E.L.A., 150 D.P.R. 599 (2000).
Esta norma persigue impedir que a una persona ausente del pleito se le prive de la libertad o la propiedad sin el debido proceso de ley, así como que el decreto judicial sea completo en cuanto a los asuntos adjudicados. Romero v. S.L.G. Reyes, 164 D.P.R. __ (2005); 2005 J.T.S. 66. Tal es la importancia de este requerimiento que, si faltara una parte indispensable, el tribunal carecerá de jurisdicción para entender en el pleito. Hernández Agosto v. López Nieves, 114 D.P.R. 601 (1983). Por ello, se ha reiterado que la falta de una parte indispensable constituye un planteamiento tan relevante y vital que puede presentarse en cualquier momento, es decir, puede presentarse por primera vez en apelación e incluso puede suscitarse “sua sponte” por un tribunal apelativo, ya que en ausencia de parte indispensable, el tribunal carece de jurisdicción. Romero v. S.L.G. Reyes, supra.
De igual forma, el Tribunal Supremo ha sostenido que cuando a las personas ausentes del pleito no se les ha brindado la oportunidad de salvaguardar unos derechos, esas personas deben ser acumuladas como partes para imprimirle finalidad a la adjudicación de la controversia medular. No es suficiente que el ausente haya sido informado de su oportunidad de intervenir en el pleito. Mientras no se le haya hecho parte, no se le puede privar de sus derechos mediante una sentencia. Granados v. Rodríguez Estrada II, 124 D.P.R. 593 (1989).
La persona que reúna los requisitos de parte indispensable tiene que ser traída al pleito con tiempo suficiente para que se pueda defender si así lo desea porque, de lo contrario, la sentencia que se dicte no será válida. Unisys v. Ramallo Brothers, 128 D.P.R. 859 (1991). Sobre el particular, en la sentencia emitida en el caso Martínez Soria v. Tribunal Superior, 139 D.P.R. 257 (1995), el Tribunal Supremo resolvió que cuando a una persona ausente no se le ha brindado oportunidad para salvaguardar unos derechos, no se le puede imprimir finalidad a la adjudicación de la controversia medular. No basta con que el ausente haya sido informado de su oportunidad de intervenir en el pleito, ha de ser acumulada como parte.
Por otro lado, la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, dispone, en lo aquí pertinente, que:

*948
“Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) Nulidad de sentencia;

(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de la sentencia. ”

La citada disposición provee un vehículo procesal para que una parte pueda solicitar el relevo de una sentencia en su contra por alguna de las causales que la propia regla dispone, siempre y cuando dicha acción se presente dentro de los seis (6) meses de haberse registrado la sentencia. No obstante, aun después de transcurrido el referido término, la propia regla reconoce el poder de un tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; conceder un remedio a una parte que en realidad no hubiese sido emplazada; y dejar sin efecto una sentencia por motivo de fraude al tribunal. Regla 49.2, supra.
Generalmente, este tipo de acción se admite cuando la sentencia es nula, ya que ésta es inexistente. Lo anterior se manifiesta, entre otras ocasiones, cuando la sentencia se ha dictado sin jurisdicción sobre la materia o las partes en un pleito. También el Tribunal Supremo ha considerado, en el contexto de la Regla 49.2, supra, que una sentencia es nula cuando el tribunal ha actuado de una manera inconsistente con el debido procedimiento de ley. E.L.A. v. Tribunal Superior, 80 D.P.R. 692 (1962).
Ahora bien, en ciertas instancias, la garantía del debido proceso de ley puede quedar debidamente resguardada aun en ausencia del emplazamiento formal al demandado. Franco v. Corte, 71 D.P.R. 686 (1950); Méndez v. Sucesión Sella, 62 D.P.R. 345 (1943). Esto ocurre cuando una parte se somete voluntariamente a la jurisdicción del tribunal de manera tácita o expresa. Conforme a la jurisprudencia, la figura de la sumisión consiste en que una parte comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito. Qume Caribe, Inc. v. Srio. de Hacienda, 153 D.P.R. 700 (2001). De esta manera, la comparecencia voluntaria de la parte demandada suple la omisión del emplazamiento y ello es suficiente para que el tribunal adquiera jurisdicción sobre su persona. Franco v. Corte, supra; Méndez v. Sucesión Sella, supra.
El Tribunal Supremo ha determinado que hubo sumisión cuando una parte demandada comparece ante el tribunal a través de su abogado en un escrito titulado contestación; cuando presenta reconvención aun sin contestar; cuando contesta y presenta defensas afirmativas sin alegar ausencia o deficiencia del emplazamiento; o cuando contesta y refuta una moción al amparo de la Regla 49.2 de las de Procedimiento Civil, supra, sobre relevo de sentencia, sin alegar falta de jurisdicción sobre la persona. Banco Santander v. Fajardo Farms, 141 D.P.R. 237 (1996); Sterzinger v. Ramírez, 116 D.P.R. 762 (1985); Franco v. Corte, supra; Méndez v. Sucesión Sella, supra. Asimismo, dicho foro ha resuelto que la mera presencia de la parte demandada en la sala del tribunal no es suficiente para conferir jurisdicción al tribunal sobre su persona. Claudio v. Casillas Mojica, 100
*949 D.P.R. 761 (1972).
De los casos citados anteriormente, se destacan varios factores al determinar si hubo o no sumisión a la jurisdicción del tribunal en ausencia de la notificación formal del pleito al demandado provista en las Reglas de Procedimiento Civil. En primer lugar, resalta el hecho de que el acto que configuró la sumisión a la jurisdicción del tribunal fue uno “sustancial”, como una defensa en los méritos, la presentación de defensas afirmativas o reconvenciones, y la solicitud de vistas dentro del procedimiento. También, que la persona que realiza el “acto sustancial” que se entiende como sumisión es propiamente la parte demandada que no fue formalmente emplazada; no un tercero parte del pleito.
Así también, surge que el tiempo transcurrido entre la emisión de la sentencia recaída en ausencia de jurisdicción sobre la persona del demandado y su impugnación no es un factor determinante. Se trata de una sentencia que adolece de nulidad radical, que no puede convalidarse con el paso del tiempo. Por último, se desprende que el alto interés público que pudiera implicar la reclamación contra el demandado no convalida la sentencia recaída en ausencia de jurisdicción sobre su persona, la cual es una actuación judicial ultra vires no susceptible de convalidación.
III
En el caso ante nuestra consideración, los recurridos solicitaron se declarase nulo el título que posee el señor Valentín González junto con su esposa, la señora González. Debido a que ésta falleció, todos los hijos de ella son partes indispensables en el caso. No obstante, los recurridos solamente demandaron a cuatro de los hijos. El peticionario, quien también es hijo de la señora González, a pesar de ser parte indispensable, no fue demandado. Éste, como heredero de la señora González, tenía que haber sido demandado, ya que sus derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia emitida en su ausencia.
Por otra parte, los recurridos alegan que aun cuando el peticionario no fue incluido en la demanda ni fue emplazado, éste fue parte del caso porque se sometió voluntariamente al mismo. Debemos indicar que alegadas conversaciones extrajudiciales no convierten en parte a una parte indispensable en el pleito, así como tampoco la mera presencia de dicha persona en el tribunal.
Hemos escuchado las regrabaciones de las vistas celebradas el 29 de septiembre de 2004 y el 11 de febrero de 2005. En la primera, la participación del peticionario se limitó a indicar que el señor Valentín Maldonado se encontraba en otra sala del tribunal. Ahora bien, en la vista en rebeldía celebrada el 11 de febrero de 2005, al comienzo de la misma el peticionario excusó la incomparecencia de su padre. Al finalizar la presentación de la prueba de los recurridos, el peticionario intentó expresarse hacia el tribunal y la representante legal de los recurridos lo impidió, ya que sostuvo que éste no estaba incluido en la demanda. Más aún, el TPI no permitió que el peticionario se expresara y le indicó que él no era parte del caso.
De un examen de los autos originales no surge evidencia alguna que demuestre que el peticionario realizó algún acto sustancial en el pleito según lo establecido por la jurisprudencia, por lo que ciertamente éste no se sometió a la jurisdicción del tribunal. Por lo tanto, a la luz del derecho esbozado anteriormente, la sentencia emitida en este caso es nula por no haberse incluido en los procedimientos al peticionario, parte indispensable en el mismo. En vista de lo anterior, incidió el TPI al no acoger la solicitud de relevo de sentencia presentada por el peticionario. Adviértase que lo aquí resuelto en nada prejuzga la titularidad del inmueble en controversia. Ello deberá ser objeto de adjudicación por el TPI, teniendo ante sí a todas las partes indispensables.
Por los fundamentos antes expuestos, se declara con lugar el relevo de sentencia y se revoca la sentencia emitida.
*950 Notifiquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Maria Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2007 DTA 38
1. Posteriormente, los recurridos desistieron sin perjuicio la demanda respecto a Celso y Rubén Valentín Maldonado y la Sucesión de Rodolfo Valentín Maldonado.
2. Según se indicó en la demanda, el inmueble en cuestión fue adquirido por el señor Domiciano Valentín Madonado y su esposa, la señora Carmen Milagros González. Ésta falleció, por lo que se incluyeron como demandados a algunos de los hijos de ambos.