GERENA, DEMANDANTE Y APELADO, *v.* SALES ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre nulidad de reconocimiento.

No. 2896.—Resuelto en julio 26, 1923.

MATRIMONIO—PRUEBA SECUNDARIA DEL MATRIMONIO; CUÁNDO ES ADMISIBLE.— Cuando la partida del matrimonio no puede obtenerse, dicho matrimonio puede probarse por la reputación y presunciones, suponiendo que en Puerto Rico el matrimonio generalmente debe probarse por el registro civil.

ID.—ERRORES SIN ESPECIFICACIÓN.—Errores faltos de especificación no serán revisados en apelación.

ID.—ORDEN PARA PRESENTACIÓN DE EVIDENCIA—DISCRECIÓN JUDICIAL.—El orden para la presentación de evidencia en un juicio es discrecional en la corte sentenciadora.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. D. Rodríguez.*

Abogados del apelado: *Sres. García Méndez & García Méndez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una acción para anular un reconocimiento de

una hija.    La corte dictó sentencia a favor del demandante,
y en el curso de su opinión se expresó como sigue:

"De la prueba resulta satisfactoriamente probado que la de-
mandada Dolores González, allá por el 1905, 1906 y 1907 vivió en
Lares, P. R.; que en marzo 1 de 1906 tuvo una hija llamada Ma-
ría Eladia González conocida por Rosa, o sea la menor represen-
tada en esta acción por Fidel Gerena; que dicha niña fué el
fruto de las relaciones amorosas de la co-demandada Dolores Gon-
zález con otra persona cuyo nombre no fué preciso mencionar, y
que no era Francisco Sales Ayala; que Francisco Sales Ayala no
vivió con su co-demandada ni en 1905, ni en 1906, ni antes de esa
fecha; y que en tal tiempo él era casado con Higinia Guzmán,
quien falleció en 1911, casándose el referido Sales Ayala con la
aquí demandada Dolores González Hernández en abril 18 de 1921,
en el cual acto reconocieron a la menor María Eladia como hija
de ellos, cuando en verdad, la prueba demuestra que la citada
María Eladia no era tal hija de Francisco Sales Ayala, hecho que
también les constaba. Y finalmente se probó, de una manera ter-
minante, que Sales Ayala fué inducido por el hombre desconocido
para aparentar y alegar ser padre de una niña y que él no en-
gendró. En relación con toda la prueba, es de expresarse que la
co-demandada Dolores González no compareció a declarar, y que
Sales Ayala, su co-demandado por su forma de declarar, por sus
dudas, vacilaciones y por la manifiesta falsedad de sus declara-
ciones no mereció ningún crédito a la corte."

Los apelantes, el esposo y la esposa, asignan varios
errores.    El primero es que la corte cometió error al ad-
mitir prueba testifical del matrimonio del demandado, Fran-
cisco Sales Gerena, con otra mujer, que no es la actual es-
posa, en la fecha de la concepción de la niña en este caso.
Antes de ser admitida esta prueba testifical el deman-
dante había ofrecido como prueba varias certificaciones de
Lares y San Sebastián negativas de la existencia de nin-
guna anotación del matrimonio del demandado con la ale-
gada primera esposa.    Aunque se formularon objeciones a
estas certificaciones no hubo ninguna en cuanto a su forma

negativa y su admisión no se asigna como error. De manera que era admisible la prueba secundaria del matrimonio. Cuando la partida del matrimonio no puede obtenerse, dicho matrimonio puede probarse por la reputación y presunciones, suponiendo que en Puerto Rico el matrimonio generalmente debe probarse por el registro civil. El demandado, además, en su matrimonio con la actual esposa declaró él mismo ser viudo de la anterior esposa en cuestión y toda su actitud en la silla testifical hizo claro el hecho. El dijo que no podía recordar haber estado casado antes, e hizo otras manifestaciones de un testigo recalcitrante como indicó la corte.

El segundo señalamiento de error es el siguiente: "La corte cometió error al admitir evidencia secundaria, indirecta y de referencia." Propiamente el señalamiento debe pasarse por alto por falta de especificación. Convenimos, sin embargo, con el apelado en que la prueba secundaria e indirecta no perjudicaba en su resultado general, o era propiamente admisible.

El tercer señalamiento, o sea que la corte alteró el orden de la prueba admitiendo prueba documental después de la prueba testifical, sólo necesita enunciarse para refutarse. El orden es discrecional en la corte sentenciadora.

El cuarto señalamiento se refiere a la apreciación de la prueba y no vemos cómo podía haber llegado la corte a algún otro resultado.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.