PALACIOS, DEMANDANTE Y APELADO, v. GONZÁLEZ, DEMANDADO Y APELANTE.

No. 3355.—*Visto:* Enero 15, 1925. *Resuelto:* Enero 22, 1925.

DISCRECIÓN JUDICIAL—ORDEN DE PRESENTACIÓN DE PRUEBA.—La corte tiene discreción para admitir prueba al demandante después de haber presentado la suya el demandado.

COBRO DE LA FIANZA AL FIADOR—ADMISIÓN DE PRUEBA—EVIDENCIA DE PRÓRROGA PEDIDA POR EL FIADOR.—Vencida la obligación que se reclama el 19 de enero de 1920 y no habiendo sido presentada la demanda contra el fiador hasta el 29 de junio de 1923, el demandante podía probar, aunque no fuere alegado, que a pesar del tiempo transcurrido la obligación del fiador subsistía porque a su instancia fueron concedidas prórrogas para el pago al obligado principal.

ID.—PASIÓN Y PREJUICIO.—Si las manifestaciones teñidas de pasión y prejuicio que se atribuyen a la corte sobre la credibilidad que le merecía un testigo que declaró mediante deposición no constan en los autos, el Tribunal Supremo carece de base para decidir la cuestión.

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan, Distrito Segundo), en una acción en cobro de pagaré, declarando con lugar la demanda, y las costas. *Confirmada.*

C. *Coll y Cuchí* y *G. Cruzado Silva,* abogados del apelante; *J. Martínez Dávila,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué condenado a pagar como fiador la reclamación que motiva este pleito y en el recurso que ha interpuesto contra la sentencia alega como motivos del mismo la indebida admisión como prueba de ciertas cartas, que se permitiera al apelado presentar evidencia después de haber terminado su prueba, que la corte no diese crédito a cierto testigo del demandado y que declarase con lugar la demanda sin tener en cuenta que la obligación que reclama está novada.

Después de terminar el demandante la presentación de su evidencia le fué permitido que presentara el pagaré original en que funda su demanda, lo que se alega ser erróneo, pero la corte no sólo tenía facultad discrecional para admitir prueba al demandante después de haber presentado la suya el demandado, sino que esa prueba era innecesaria porque habiendo sido insertado el pagaré en la demanda su autenticidad quedó admitida por el demandado por el hecho de

no haberla negado bajo juramento en su contestación, de acuerdo con el artículo 119 del Código de Enjuiciamiento Civil.

En el juicio fueron presentadas por el acreedor tres cartas que le escribió el fiador el 7 y 9 de marzo y el 14 de mayo de 1922, cuya admisión por la corte se alega ser errónea porque no corresponden a ninguna de las alegaciones de la demanda ni son pertinentes tratándose del cobro de un pagaré. Esa evidencia no era impertinente en este caso, pues vencida la obligación que se reclama el 19 de enero de 1920 y no habiendo sido presentada la demanda contra el fiador hasta el 29 de junio de 1923, el demandante podía probar, aunque no fuere alegado, que a pesar del tiempo transcurrido la obligación del fiador subsistía porque a su instancia fueron concedidas prórrogas para el pago al obligado principal.

La cuestión respecto a si la obligación que se reclama quedó novada el 27 de octubre de 1922 sin el consentimiento del fiador, que es la única defensa del demandado, y que por esto no está obligado al pago que se le exige, descansa en el hecho de si el acreedor aceptó de su deudor principal una nueva obligación en la que se comprendió la cantidad que era reclamada, otra más de otro pagaré y los intereses debidos hasta entonces, sin la garantía del fiador demandado, cuestión que resultó contradictoria y cuyo conflicto en la evidencia fué resuelto por la corte inferior en contra del demandado, sin que el examen que hemos hecho de la evidencia nos demuestre que la corte inferior errara al resolver el conflicto en la forma que lo hizo.

Se alega también que la corte inferior se expresó en términos muy poco favorables sobre la credibilidad que le merecían los testimonios tomados por deposición y que hizo manifestaciones llenas de pasión y prejuicio respecto de ellas por lo que no dió crédito a un testigo del demandado que declaró por deposición. Sin embargo, como esas manifestaciones atribuídas a la corte no constan en los autos, carecemos

de base para poder declarar si hubo prejuicio en contra de lo declarado por deposición por dicho testigo.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.