Antonio, Rafael, Aurelio y Luis García León, demandantes y apelados, *v.* José J. Dávila, hoy su Sucesión y Aurelio García León, conocido por Aurelio Rivera, demandados y apelantes.

No. 5678.—*Sometido:* Junio 7, 1932.   *Resuelto:* Mayo 31, 1933.

*González Fagundo & González Jr.* y *R. Dávila Ortiz,* abogados de los apelantes; *R. Arroyo Ríos,* abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Antonio García León y los otros demandantes eran algunos de los herederos de Amalia León Rivera. A su muerte, ella era dueña de cierta finca radicada en el barrio Calabazas, de la jurisdicción de Yabucoa, la cual, para los fines de esta opinión, es innecesario describir en forma más específica. En 1912, y con posterioridad a la muerte de dicha Amalia León Rivera, se inició ante la Corte Municipal de Humacao el pleito No. 652 por Alfonso Ortiz contra Aurelio García León y los aquí demandantes, quienes para aquel entonces eran menores, en cobro de la suma de $250. En dicho pleito la propiedad antes mencionada fué vendida, a instancia del acreedor Ortiz, y adjudicada a Manuel Méndez, quien posteriormente la vendió a José J. Dávila. Éste murió y el presente pleito de reivindicación fué iniciado contra sus herederos. La contención principal de los demandantes en este recurso es que la Corte Municipal de Yabucoa nunca adquirió jurisdicción sobre ellos, y tenían, pues, derecho a recobrar la finca. La Corte de Distrito de Humacao dictó sentencia en favor de los demandantes.

En su opinión la corte de distrito expresó que lo que los demandantes sostenían era que al tiempo en que Alfonso Ortiz entabló el litigio, ellos eran menores; que a pesar del hecho de que el padre de dichos menores estaba vivo, la Corte Municipal de Yabucoa les designó un defensor *ad litem* y que éste fué nombrado antes de que el márshal notificara el emplazamiento a los aquí demandantes, demandados en el pleito anterior. Entonces la corte dijo que se alegaron varias causas de nulidad contra el emplazamiento mismo.

Durante el juicio se radicó una estipulación sobre lo que declararían algunos de los demandantes de estar presentes en el juicio y entonces los demandados presentaron algunas cosas como prueba, entre ellas testimonio tendente a demostrar que algunas omisiones del emplazamiento quedaron suplidas por los hechos.

Se desprende que el defensor *ad litem* fué designado porque se suponía que el padre tuviera intereses encontrados

con los menores. La Corte de Distrito de Humacao entonces cita jurisprudencia al efecto de que el nombramiento del defensor fué nulo e ineficaz por varios motivos. La corte entonces procedió a discutir las faltas del diligenciamiento del márshal, el cual lee como sigue:

"CERTIFICADO DE DILIGENCIAMIENTO DEL MÁRSHAL. — CERTIFICO: Que recibí el presente emplazamiento a las diez de la mañana del día 5 de septiembre de 1912, y que notifiqué el mismo, personalmente, el día 6 de septiembre de 1912, a los menores, Antonio, Rafael, Aurelio y Luis García León y a Aurelio García León, padre de dichos menores, como componentes de la sucesión demandada, demandados mencionados en dicho emplazamiento, entregando a dichos demandados y dejando en su poder personalmente en su propio domicilio, una copia de dicho emplazamiento y en poder de los demandados **mencionados**, una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento. Fechado hoy día 6 de septiembre de 1912. (Fdo.) Manuel Ortiz Delgado, márshal."

La corte resolvió que el diligenciamiento era insuficiente toda vez que no decía el sitio en que se había hecho el mismo. En segundo lugar la corte resolvió que no bastaba entregar a los demandados una (sola) copia del emplazamiento y de la demanda, toda vez que había cinco demandados. La corte se preguntó "¿A cuál de ellos se le entregó esa copia de la demanda?" y finalmente llegó a la conclusión de que como nada había que demostrara que cada uno de ellos fué emplazado personalmente, la Corte Municipal de Yabucoa no adquirió jurisdicción. La corte entró en otras consideraciones para demostrar que los menores, que cierta o probablemente tenían menos de catorce años de edad, debieron haber sido cuidadosamente notificados del procedimiento en unión de su padre, y también resolvió que la defensa de prescripción planteada en este caso no podía favorecer a los demandados.

Los apelantes sostienen, y quizá acertadamente, que como la presunción sería que toda vez que el márshal de la Corte Municipal de Yabucoa solamente tenía jurisdicción dentro de los límites territoriales de dicho municipio, la notificación se hizo dentro de la jurisdicción de Yabucoa; y que además el

secretario declaró verbalmente que el domicilio de los demandados era Yabucoa, habiendo dicho el diligenciamiento que el emplazamiento fué notificado a los demandados en su domicilio. Los apelantes sostienen igualmente que las palabras usadas en el diligenciamiento "entregando a dichos demandados y dejando en su poder personalmente en su propio domicilio una copia fiel de la demanda en el pleito mencionado en dicho emplazamiento" equivalen a decir que se dejó una copia a cada uno de ellos. Copiamos lo que los apelantes dicen en su alegato:

"Sostiene la corte inferior en la página 46 de la transcripción de autos, que no aparece que los menores demandados hubieran sido emplazados personalmente mediante la entrega a cada uno de ellos de la copia de la demanda y del emplazamiento. El diligenciamiento hecho por el márshal de la Corte Municipal de Yabucoa aparece en la exposición del caso, pág. 72 de la transcripción, y de dicho certificado aparece que el día 6 de septiembre de 1912 se notificó el mismo personalmente a los menores Antonio, Rafael, Aurelio y Luis García de León y Aurelio García León, entregando a dichos demandados y dejando en su poder personalmente en su propio domicilio una copia de dicho emplazamiento, y en poder de los demandados mencionados una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento. El juez de la Corte de Distrito de Humacao sostiene que esto no es bastante porque ha debido decirse que la entrega se hizo a cada uno de ellos, pero estando redactado el certificado del márshal en el idioma castellano al emplear el plural en vez del singular es que cada uno de los demandados recibió copia de la demanda y del emplazamiento."

Los apelantes sostienen que la designación de un defensor *ad litem* antes o después del emplazamiento, de ser errónea, fué meramente un error de procedimiento y no de jurisdicción. Admiten, sin embargo, que si el diligenciamiento dejaba de demostrar que el emplazamiento fué notificado debidamente, entonces la corte municipal de Yabucoa no adquirió jurisdicción. Asumiendo, sin resolverlo, que la forma de designar un defensor *ad litem* no era un defecto jurisdiccional, y que era el único, la defensa de prescripción adquisitiva aducida en este caso prevalecería toda vez que la sentencia de la

corte municipal no hubiera sido una nulidad absoluta y quizás era suficiente para buscar en ella un justo título.

Los apelados también suscitan la cuestión de que en los autos del pleito No. 652 no aparece la sentencia original de la Corte Municipal de Yabucoa. Creemos más bien que incumbía a los apelados demostrar que no había tal sentencia, antes que alegar que no aparecía en los autos. Ellos también atacan la suficiencia del embargo librado en el caso. Alegan otros supuestos defectos que no consideramos de jurisdicción y que hallamos innecesario discutir, y entonces se fundan en lo que la corte inferior dijo respecto a que el diligenciamiento no demostraba que cada uno de los demandados en el pleito anterior había sido debidamente emplazado entregándosele copia de dicho emplazamiento y de la demanda.

Los apelantes también arguyeron en el curso de su alegato que muchas de las cuestiones planteadas por los demandantes no podían ser suscitadas en un pleito colateral, pero no tenemos duda de que la falta de jurisdicción y la nulidad de la sentencia podían ser objeto de un ataque directo o colateral.

La única cuestión realmente importante es la relativa a la suficiencia del diligenciamiento. No podemos convenir con los apelantes en que las palabras "entregando una copia a los demandados", han de ser interpretadas distributivamente y significan una entrega a cada uno de ellos. En español, como en el equivalente inglés, el lenguaje usado tiende a demostrar que sólo se dejó una copia en poder de los demandados. Aun si el significado fuera ambiguo o dudoso, la duda debe resolverse contra los apelantes. Lo que el diligenciamiento decía era de todo punto consistente con un estado de hechos en que el márshal solamente hubiera entregado una copia, y la jurisdicción de una corte inferior no de récord, debe aparecer positivamente. Llegamos a la conclusión de que no hubo un cumplimiento suficiente de los artículos 92 y 93 del Código de Enjuiciamiento Civil.

*Debe confirmarse la sentencia apelada.*