ADELA MÉNDEZ, en representación como madre con patria potestad sobre su menor hijo natural reconocido, ALEJO MÉNDEZ, demandante y apelada, *v.* SUCN. DE FRANCISCO SELLA GONZÁLEZ, ETC., demandada y apelante.

Núm. 8643.—*Sometido:* Mayo 19, 1943. *Resuelto:* Julio 12, 1943.

*Buenaventura Esteves,* abogado de los apelantes; *Francisco Vizcarrondo Morell,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda enmendada radicada por Adela Méndez en representación de su hijo natural reconocido, Alejo Méndez, se alegó que ella sostuvo relaciones maritales, viviendo en público concubinato con Francisco Sella González, durante los años 1926 a 1928; que de esas relaciones nació Alejo, el 26 de febrero de 1927; que al tiempo de la concepción y nacimiento del niño, sus padres eran solteros y sin impedimento alguno para contraer matrimonio; que desde el nacimiento del niño y hasta la muerte de Sella éste le reconoció como su hijo natural y siempre le dió el trato público, familiar y ostensible de hijo natural reconocido, atendiendo en parte a las necesidades de su subsistencia; y que la Sucesión de Sella, los demandados, se han negado a reconocer al menor sus derechos como hijo natural reconocido del causante. Se pide que Alejo Méndez sea declarado hijo natural reconocido de Sella y que se declare nula la resolución por la cual se declaró a los demandados únicos y universales herederos del finado Francisco Sella.

El presente recurso ha sido interpuesto por los demandados contra la sentencia por la cual se declaró con lugar la demanda y se condenó a los demandados al pago de las costas y $100 de honorarios. Los apelantes imputan a la corte sentenciadora la comisión de siete errores.

1. Sostienen los apelantes que la demanda es insuficiente porque ha sido interpuesta por Adela Méndez "en representación como madre con la patria potestad sobre su menor, hijo natural reconocido, Alejo Méndez"; que no es lo mismo decir "Adela Méndez, en representación de su hijo" que decir "Alejo Méndez, representado por su madre, etc.", pues en el primer caso comparece la madre y en el segundo comparecería el menor, que es el que tendría derecho a la filiación; y citan en apoyo de este señalamiento el caso de *Olivo* v. *Arriví*, 38 D.P.R. 717.

La cuestión levantada carece de méritos. En *Olivo* v. *Arriví*, supra, se resolvió que la demanda era insuficiente

porque en ella comparecía la madre, sin alegar que lo hacía en representación del menor, que era el que tenía derecho a reclamar su filiación. En el presente caso se alega específicamente que Adela Méndez comparece en representación de su hijo. Vistas las disposiciones de los artículos 153 del Código Civil y 56 del Código de Enjuiciamiento Civil, es preciso concluir que es absolutamente igual bajo el punto de vista jurídico que la madre comparezca en representación del menor a que el menor comparezca representado por la madre. Adela Méndez no reclama nada para sí. Véase *Gómez* v. *Palmieri*, 50 D.P.R. 457; *Gigante* v. *Alvarez*, 48 D.P.R. 498; y *Colón* v. *Sucesión A. J. Tristani*, 44 D.P.R. 171.

2. Por el segundo señalamiento se alega que la corte inferior no adquirió jurisdicción sobre las personas de todos los demandados componentes de la "Sucesión de Francisco Sella González": (*a*) porque el emplazamiento expedido es defectuoso, por cuanto en el mismo no se dice quiénes son las personas que componen dicha Sucesión; y (*b*) porque en el diligenciamiento no consta que se notificara en forma legal a los demandados menores de edad.

Los apelantes no han colocado al tribunal en condiciones de poder considerar el primer alegado defecto, pues no han transcrito en su totalidad el emplazamiento. La parte transcrita induce a creer que no existió tal defecto, pues la citación aparece dirigida "A la Sucesión de Francisco Sella González, con residencia en Lares, P. R. o sea los demandados antes mencionados".

El diligenciamiento, en lo pertinente lee así:

"Notifiqué el mismo personalmente, el día 8 de mayo de 1941 a Mercedes Fuentes Medina de Sella, madre con la patria potestad sobre sus hijos Lilia Mercedes, Aida Milagros y Francisco Ismael Sella Fuentes, demandados mencionados en dicho emplazamiento, entregando a dichos demandados y dejando en su poder personalmente *una copia de dicho emplazamiento, una copia fiel y exacta de la demanda* en el pleito mencionado en dicho emplazamiento y una copia de este emplazamiento". (Itálicas nuestras.)

El artículo 93 del Código de Enjuiciamiento Civil dispone que la citación se hará mediante entrega de una copia de la misma; que si el demandado fuere un menor de catorce años residente en la Isla la copia de la citación será entregada "a dicho menor personalmente, así como también a su padre, madre o tutor"; y que en todos los demás casos se entregará al demandado personalmente.

La misma cuestión aquí levantada fué considerada por esta Corte en *García León* v. *Sucesión Dávila*, 45 D.P.R. 165, 169 y resuelta así:

"No podemos convenir con los apelantes en que las palabras 'entregando una copia a los demandados', han de ser interpretadas distributivamente y significan una entrega a cada uno de ellos. En español, como en el equivalente inglés, el lenguaje usado tiende a demostrar que sólo se dejó una copia en poder de los demandados. Aún si el significado fuera ambiguo o dudoso, la deuda debe resolverse contra los apelantes. Lo que el diligenciamiento decía era de todo punto consistente con un estado de hechos en que el márshal solamente hubiera entregado una copia, y la jurisdicción de una corte inferior no de récord, debe aparecer positivamente. Llegamos a la conclusión de que no hubo un cumplimiento suficiente de los artículos 92 y 93 del Código de Enjuiciamiento Civil."

El defecto en el diligenciado del emplazamiento fué subsanado en el presente caso por la comparecencia de los demandados ante la corte inferior. Los demandados todos comparecieron para formular excepción previa a la demanda, sin levantar la cuestión en cuanto a la insuficiencia de la notificación. Desestimada la excepción previa, contestaron la demanda, negando todos sus hechos esenciales e interponiendo defensas especiales, pero en ningún momento levantaron ante la corte inferior la cuestión jurisdiccional que ahora levantan por primera vez y tardíamente en apelación. Es principio elemental el de que la jurisdicción sobre la persona del demandado se adquiere mediante el emplazamiento o por su comparecencia para cualquier propósito que no sea el de atacar la validez y suficiencia del emplazamiento. La corte

inferior adquirió y actuó con jurisdicción sobre los demandados.

■ 3. El tercer señalamiento carece de méritos. No se ha demostrado que la declaración del testigo José González perjudicara a la parte apelante, ni tampoco que la corte inferior abusara de su discreción al permitir que dicho testigo declarase después de haber empezado a practicar su prueba los demandados. *Rosaly* v. *Graham,* 16 D.P.R. 162; *Pueblo* v. *Julián,* 18 D.P.R. 940; *Pueblo* v. *Sáez,* 19 D.P.R. 1141; *Gerena* v. *Sales et al.,* 32 D.P.R. 360; *Palacios* v. *González,* 33 D.P.R. 935.

■ 4–7. Los cuatro señalamientos restantes pueden ser considerados conjuntamente por referirse todos ellos a la apreciación que de la evidencia hizo la corte sentenciadora.

La prueba de la demandante tendió a demostrar que durante los años 1925 a 1929 Adela Méndez, estando divorciada, vivía en el Barrio Juncal en San Sebastián; que para esa misma fecha, Francisco Sella, quien era entonces soltero, trabajaba en una hacienda situada en el mismo barrio y colindante con la finca en donde vivía Adela como arrimada; que desde 1926 a 1927 Adela y Francisco sostuvieron relaciones amorosas, visitándola él a menudo y durmiendo con ella hasta la madrugada en que salía para su trabajo; que de esas relaciones nació el niño Alejo; que Francisco Sella estuvo presente cuando nació el niño, asistió a la madre cuando dió a luz y le dió dinero para pagar la comadrona; que después de nacido el niño, Sella siguió visitando la casa de Adela durante un año más, mostrándose muy cariñoso con el niño y agasajándole como verdadero hijo de él; que cuando el niño cumplió un año de nacido, Sella se lo llevó a la hacienda donde vivía para atenderlo allí mejor, y Adela siguió viviendo con sus otros dos hijos; que el niño vivió con Sella alrededor de nueve años y Sella lo llevaba a la escuela y lo atendía y cuidaba como un buen padre; que más tarde el niño se fué a vivir con la madre al barrio Pozas y Sella con-

tinuó prodigándole las atenciones y trato de un buen padre hasta la fecha de su muerte.

La evidencia de los demandados tendió a controvertir los hechos establecidos por la de la demandante, surgiendo así un evidente conflicto. Éste fué dirimido por la corte inferior en favor de la demandante, dando crédito a sus testigos y no así a los de la parte demandada, y sosteniendo que la prueba de la demandante es tan robusta y convincente como lo exigen la ley y la jurisprudencia.

La prueba aducida por la demandante y creída por la corte inferior es a nuestro juicio suficiente para justificar la sentencia recurrida. La imputación de pasión, prejuicio y parcialidad que se hace al tribunal inferior carece de fundamento. Es nuestro deber respetar el fallo de la corte inferior, la que por haber visto y oído a los testigos de una y otra parte tuvo mejor oportunidad que nosotros para determinar el grado de credibilidad que merecía cada testigo.

*La sentencia recurrida debe ser confirmada.*

El Juez Presidente Sr. Del Toro no intervino.