ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>APELADO<br><br>V.<br><br>ELIZABETH GÓMEZ ACEVEDO Y RAUL ORTIZ DÁVILA, por sí y en representación de la Sociedad Legal de Bienes Gananciales h/n/c JK Business Group<br><br>APELADOS<br><br>V.<br><br>COLEGIO MI CUIDO Y EDUCACIÓN, INC.<br><br>INTERVENTORA-APELANTE | KLAN202301128 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: CG2023CV02091<br><br>Sobre: Injunction Estatutario, contemplado en la Ley Núm. 75 del 24 de junio de 1975, según enmendada, y las disposiciones del Artículo 14.1 de la Ley Núm. 161 del 1 de diciembre de 2009, según enmendada<br><br>Querella: 2022-SRQ-012258 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece la corporación Colegio Mi Cuido y Educación, Inc. (Colegio Mi Cuido; apelante) mediante un recurso de apelación y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI-Humacao) el 10 de octubre de 2023 y notificada el 12 de octubre de 2023.

Adelantamos que, por los fundamentos que expondremos a continuación, confirmamos el dictamen apelado.

**I**

El 26 de junio de 2023, la Junta de Planificación de Puerto Rico (Junta de Planificación; apelada) presentó una *Demanda de Injunction*

Número Identificador

SEN2024_____

*Estatutario Preliminar y Permanente* (Demanda)[1] ante el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI-Caguas) contra Elizabeth Gómez Acevedo, Raúl Ortiz Dávila y la Sociedad Legal de Gananciales compuesta por ambos (demandados; apelados; querellados).

La Demanda se presentó por la Junta de Planificación, "al amparo de la facultad que le confiere la Ley Núm. 75 del 24 de junio de 1975, según enmendada y las disposiciones del Artículo 14.1 de la Ley Núm. 161 del 1 de diciembre de 2009, según enmendada, titulado: 'Recursos Extraordinarios para Solicitar Revocación de Permisos, Paralización de Obras o Usos No Autorizados, Demolición de Obras'."[2]

Se alega en la Demanda que el Colegio Mi Cuido y Educación, Inc. (Colegio Mi Cuido; interventora; apelante) presentó, el 8 de diciembre de 2022, una querella identificada con el número 2022-SRQ-012258 (querella) y, atendida la querella, "la Junta de Planificación alcanzó las siguientes determinaciones de hechos y conclusiones de derecho":

 a. Los Codemandados son dueños, oficiales, agentes, sirvientes, empleados, arrendadores, arrendatarios, cesionarios o causahabientes de la propiedad objeto de la Querella ubicada en la Carretera PR-198 (Calle José C. Barbosa) 237, Bo. Arenales, Las Piedras, P.R con número de catastro 253-100-137-19 (en adelante, la "Propiedad").

 b. El 3 de enero de 2023, personal de la Junta de Planificación realizó la inspección e investigación de la Propiedad, en la cual se confirmó las alegaciones de la querellada(*sic*). Como parte de esta intervención, el personal de la Junta de Planificación hizo los siguientes hallazgos:

    1. Construcción de muro en hormigón y bloques en el patio posterior con medidas de 110'x4'x10' aproximadas. Véase, Anejo 1.

 c. Como parte del trámite administrativo, personal de la Junta de Planificación verificó los sistemas de la Oficina de Gerencia de Permisos (en adelante "OGPe") y se corroboró que la Propiedad no cuenta con el Permiso de Uso para el comercio que opera.

 d. Luego de presentada la Querella y de llevar a cabo el trámite investigativo correspondiente, el 17 de abril de

---

[1] Apéndice del *Recurso de Apelación*, págs. 64-69.
[2] Apéndice del *Recurso de Apelación*, pág. 65.

2023, la Junta de Planificación le notificó al Demandado la primera "Notificación de Hallazgos y Orden de Mostrar Causa" (en adelante "Notificación de Hallazgos"), conteniendo las determinaciones de hechos y conclusiones de derecho alcanzadas, a las siguientes direcciones postales: P.O. Box 6138, Caguas, P.R. 00726. Véase, Anejo 2.

e. Mediante dicha Notificación de Hallazgos la Junta de Planificación, entre otras cosas, la cual no fue recibida devuelta en ningún momento, se le advirtió al Demandado que, en un término de veinte (20) días, tenía que mostrar causa Por la cual la Junta de Planificación no debía imponer una multa de $792.00 por las violaciones señaladas y le advirtió que, de no mostrar causa, la multa quedaría impuesta y se procedería a acudir al Tribunal de Primera Instancia, Sala Superior, a solicitar la demolición de las obras ilegalmente construidas y el cobro de la multa.

f. El 1 de mayo de 2023 la parte demandada a través de su representación legal, el Lcdo. Juan Manuel Adorno Peña, presentó una titulada *Moción Solicitando Reconsideración y Desestimación a Querella*.

g. Luego de examinada la moción y sus alegaciones la Junta en reunión del 10 de mayo de 2023, declaró No Ha Lugar la solicitud de reconsideración.

h. No obstante, [a]l revisar el SBP no existe evidencia alguna de la querellada haya iniciado trámite de permiso alguno.[3]

La Junta de Planificación expone en la Demanda que ha transcurrido "un tiempo excesivamente prudente desde la inspección realizada", antes mencionada, y los querellados no han cumplido "con su deber del pago de la multa impuesta por las violaciones encontradas"; añade que "luego de advenir en conocimiento de la necesidad de los permisos solicitados para legalizar dicho uso, no lo ha realizado y tampoco [han] pagado la multa impuesta."[4] Además, se alega lo siguiente:

[…]

13. Los codemandados tuvieron presente durante la intervención y se le dio la oportunidad de solicitar la reconsideración de la multa. Los codemandados tuvieron la oportunidad de solicitar la revisión de la Notificación de Hallazgos notificada por la Junta de Planificación en los foros pertinentes y cumplir con todos los términos de

---

[3] Apéndice del *Recurso de Apelación*, págs. 65-67.
[4] Apéndice del *Recurso de Apelación*, pág. 67.

revisión administrativos y judiciales disponibles, pero optó por no hacerlo.

14. Al presente, la Junta de Planificación le ha concedido a los Codemandados todas las oportunidades disponibles y el mayor término reglamentario posible, según establecido en la Notificación de Hallazgos, y aún así, los Codemandados no han cumplido con lo ordenado ni ha presentado evidencia que demuestre que ha iniciado algún procedimiento para pagar la multa.

15. En vista de los(*sic*) anterior, y ante el incumplimiento evidente de los Demandados con las leyes y reglamentación aplicable, la Junta de Planificación solicita respetuosamente de este Honorable Foro que declare *CON LUGAR* el presente recurso especial estatutario y, consecuentemente, emita un interdicto permanente dirigido al Demandados ordenándoles el cese y desista de la acción y la legalización sobre actividades sujetos a Permisos Generales.

En fin, la Junta de Planificación solicita en su Demanda que se declare ha lugar su solicitud de *Injunction* Estatutario Preliminar y Permanente, y disponga lo siguiente:

1. Emita un interdicto/orden permanente ordenándole al Demandado y/o a sus oficiales agentes, sirvientes, empleados, cesionarios o causahabientes que desistan de la actividad y legalicen el uso del generador de electricidad con los permisos pertinentes, sujeto a la revocación del Permiso de Uso del establecimiento comercial dentro de un término improrrogable de 30 días.

2. Le ordene a al Demandado y/o a sus oficiales agentes, sirvientes, empleados, cesionarios o causahabientes que emitan el pago correspondiente de $792.00 por concepto de multa impuesta por la Junta de Planificación, más los intereses legales que correspondan.

3. Le conceda a la Junta de Planificación una cantidad no menor de $2,500.00 por concepto de costas y honorarios de abogados a favor del Estado Libre Asociado de Puerto Rico.

4. Le conceda a la Junta de Planificación cualquier otro remedio que en derecho proceda.

Luego de presentada la Demanda, el día 10 de julio de 2023, Colegio Mi Cuido sometió al TPI una *Solicitud de Intervención* al reclamar interés en el caso, al ser vecino colindante de los demandados y contar con legitimación activa al amparo de lo establecido en los Artículos 14.1 y 14.6 de la Ley Núm. 161-2009, *supra.* Por tanto, el tribunal ordenó a la Junta de

Planificación expresar su posición al respecto. En cumplimiento con lo ordenado, la Junta de Planificación manifestó que no tenía objeción alguna.[5]

Así las cosas, el 14 de agosto de 2023, el TPI de Caguas señaló vista del *injunction* preliminar para el 12 de septiembre de 2023, emitió las citaciones correspondientes y notificó a todas las partes del pleito, incluyendo a Colegio Mi Cuido.[6] Una vez realizados algunos trámites procesales, el día pautado para la vista compareció el co-demandado Raúl Ortiz Dávila acompañado por su abogado y presentaron ante el tribunal una *Moción de Desestimación* donde alegaron tres fundamentos para sostenerla. En primer lugar, plantearon que el TPI de Caguas no había adquirido jurisdicción sobre la co-demandada Elizabeth Gómez Acevedo porque esta no había sido notificada correctamente. En segundo lugar, que el TPI de Caguas tampoco contaba con la competencia para atender el caso porque la controversia tenía como objeto un inmueble sito en el Municipio de Las Piedras y, por tal motivo, correspondía un traslado. Por último, alegaron que el caso tampoco se podía ventilar en el tribunal porque aún quedaban asuntos pertinentes al caso que no habían adquirido finalidad en el ámbito administrativo.

Como resultado de lo anterior, la vista sobre *injunction* no se pudo celebrar ese día 12 de septiembre de 2023 como se había pautado inicialmente, y en atención a las alegaciones vertidas en la *Moción de Desestimación* presentada, el TPI de Caguas concedió 20 días a la Junta de Planificación y Colegio Mi Cuido respectivamente para la presentación de una réplica.[7]

El 22 de septiembre de 2023, la Junta de Planificación y los demandados presentaron ante el TPI de Caguas el escrito titulado *Estipulaciones de Acuerdo Transaccional y Solicitud de Sentencia*[8] que

---

[5] Apéndice del *Recurso de Apelación*, págs. 97-98.
[6] Véase, entrada Núm. 13 del expediente digital del Caso Núm. CG2023CV02091 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[7] Apéndice 25 del *Recurso de Apelación*, pág. 138.
[8] Apéndice 25 del *Recurso de Apelación*, págs. 3 -6.

expone las estipulaciones del acuerdo transaccional sometido al TPI como sigue:

1. En este caso, los codemandados realizaron la construcción de muro en hormigón y bloques paralelo a la estructura existente con medidas de 110 pies de largo x 4.10 pies de alto aproximadas en una propiedad que ubica en la Carretera PR-198 (Calle José C. Barbosa) 237, So. Arenales, Las Piedras, P.R con número de catastro 253-100-137-19. Las partes han llegado a un acuerdo transaccional en el caso de epígrafe. Los acuerdos son los siguientes:

   A) Al evaluar el trámite administrativo de la querella 2022-SRQ-012258, nos hemos percatado de la existencia de otra querella numerada 2022-SRQ-102095 que atiende los mismos hallazgos y/o violaciones que la querella correspondiente al caso del epígrafe. Por consiguiente, ambas querellas estarán siendo consolidadas, quedando activa la querella 2022-SRQ-012258 que se atiende mediante el presente acuerdo.

   B) La parte demandante toma conocimiento de que la parte demandada tiene un caso cuyo epígrafe es Colegio Mi Cuido Inc. y otros Vs. Raúl Ortiz Dávila y otros Casos HU2022CV00091 en el que se dilucida una controversia sobre la titularidad de una porción de terreno que afectaría la obtención del permiso de construcción a la violación señalada en el caso del epígrafe.

   C) No obstante, el demandado se compromete a realizar todos los trámites correspondientes a la solicitud de los permisos de construcción y completar los requisitos solicitados por la OGPe en el tiempo determinado por la agencia, una vez culmine el trámite del caso mencionado en el inciso anterior. A partir de dicho momento el permiso deberá iniciarse en un periodo de sesenta (60) días aproximados, prorrogables con justa **causa.** En su defecto, la parte demandada podrá decidir por demoler la obra construida y eliminar la violación, gestión que será a su costo, en un término de sesenta (60) días prorrogables, a partir de la sentencia relacionado en el inciso B.

   D) El demandado deberá mantener constante comunicación con la parte demandante para notificar y evidenciar su diligencia durante el proceso de legalización en el término establecido en el inciso(A), así como evidencia de los pagos por concepto de multa.

   E) La parte demandada tendrá un periodo no mayor de sesenta (60) días a partir del comienzo del proceso de legalización para culminar y obtener el permiso de uso y/o la tramitación de obra nueva. En su defecto, obtener una certificación emitida por la OGPe indicando que no requiere el permiso. No se dará una prórroga, a menos que exista **justa**

**causa para** ello. Entiéndase por justas(sic) causa, circunstancias ajenas al control de la parte demandada, incluyendo cualquier dilación de las agencias administrativas. A los fines de evaluar la prórroga para completar fehacientemente la diligencia del trámite para lograr la otorgación de permiso *(salvo que obtenga la certificación de la OGPe que acredite que no es necesario **el permiso**)* y que no es por su inacción o falta de diligencia. Deben acreditar dicha solicitud con evidencia del expediente de SBP.

F) Debido a que los codemandados han mostrado diligencia al iniciar la tramitación de los permisos, han sido cooperadores, honestos en el proceso con la Junta y han mostrado disposición en legalizar la obra, la multa a pagar será reducida. Razón por la cual, la totalidad a pagar de la multa será de cuatrocientos setenta y cinco dólares con veinte centavos ($475.20). La multa deberá saldarse en un plan de pago de dos (2) plazos mensuales, cada uno por la cuantía de doscientos treinta y siete dólares con sesenta centavos ($237.60). Los pagos serán vencederos el 20 de octubre de 2023 y 20 de noviembre de 2023, respectivamente. El pago será efectuado en la Oficina de OGPe en San Juan o la oficina regional más cercana, de acuerdo con su mayor conveniencia. Para realizar el pago deberá llevar impreso este acuerdo transaccional. Además, deberá identificar el caso, la parte demandada tiene que indicar que es referente al caso **Junta de Planificación y. Elizabeth Gómez** y **otros, Número de Querella 2022-SRQ-012258**. En el caso de que el pago sea efectuado en giro postal o cheque, este deberá realizarse a nombre del **Secretario de Hacienda.**

G) Una vez se obtenga el permiso y se pague la multa, la parte demandante informará al Tribunal que se cumplió con los acuerdos.

H) La parte demandada está apercibida de que, el no cumplir con estos acuerdos, conllevará el pago de honorarios de abogado a la parte demandante por la suma de $2,500.00, el cual como parte de este acuerdo ha sido eliminado condicionalmente al cumplimiento del acuerdo, y una multa adicional de quinientos ($500.00) dólares.

I) La parte demandada de forma libre y voluntaria reitera los acuerdos aquí contraídos con la Junta de Planificación de Puerto Rico.[9]

Entretanto, el caso fue recomendado para traslado por el TPI de Caguas mediante una orden titulada *Recomendación de traslado* dirigida a la Jueza Administradora, emitida el 12 de septiembre de 2023 y notificada

---

[9] Apéndice del *Recurso de Apelación*, págs. 3 – 6.

el 6 de octubre de 2023.[10] El caso fue finalmente trasladado al Tribunal de Primera Instancia, Sala Superior de Humacao (TPI de Humacao) el 6 de octubre de 2023. El 10 de octubre de 2023 dicho tribunal emitió una *Sentencia*, notificada el 12 de octubre de 2024 que dispuso lo siguiente:

> Las partes han sometido a la consideración del Tribunal un acuerdo titulado ***"Estipulaciones de Acuerdo Transaccional y Solicitud de Sentencia"*** el cual se une al original de esta Sentencia y se hace formar parte de ésta.
>
> El Tribunal imparte su aprobación a la transacción sometida por las partes de epígrafe y se dicta Sentencia conforme los términos en ella expresados, y sujeta a todas las partes al fiel y estricto cumplimiento de todos los compromisos, obligaciones y estipulaciones que entre sí y que ante el Tribunal han asumido. Se apercibe que el incumplimiento de las obligaciones acordadas dará lugar a las medidas y procedimientos también acordados para el caso de incumplimiento de lo pactado, más cualquier otra medida o sanción que el Tribunal pueda entender apropiada conforme el incumplimiento, sus circunstancias y el derecho aplicable.
>
> Esta Sentencia se dicta sin imposición de costas, gastos ni honorarios de abogados. La misma será final, firme e inapelable, por lo que se ordena el archivo con perjuicio del caso.
>
> REGISTRESE Y NOTIFIQUESE.
>
> En Humacao, Puerto Rico, a 10 de octubre de 2023.
>
> f/MARIA JOSE DABASTOS ANGLADE
> JUEZA SUPERIOR[11]

Consecuentemente, el Colegio Mi Cuido presentó una *Petición de Nulidad de Sentencia […]*, el 26 de octubre de 2023, por falta de jurisdicción.[12] En esta, Colegio Mi Cuido alegó que la *Sentencia* emitida adolecía de parte indispensable refiriéndose a la co-demandada Elizabeth Gómez Acevedo, por no haber sido emplazada correctamente, según lo alegado por el co-demandado Raúl Ortiz Dávila en su *Moción de Desestimación*. Por ende, adujo que el tribunal nunca adquirió jurisdicción sobre su persona. Ese mismo día, 26 de octubre de 2023, el TPI de Humacao ordenó a la Junta de Planificación y a la parte demandada a presentar su posición al respecto dentro de un término de veinte (20) días.

El 4 de noviembre de 2023 comparecieron los demandados

---

[10] Apéndice del *Recurso de Apelación*, págs. 140-141.
[11] Apéndice 25 del *Recurso de Apelación*, pág. 2
[12] Apéndice 25 del *Recurso de Apelación*, págs. 7-21.

mediante una moción titulada *Moción clarificando el allanamiento a la jurisdicción y competencia de Elizabeth Gómez y ratificación*[13] donde señalaron que la co-demandada, Elizabeth Gómez Acevedo, se había sometido voluntariamente a la jurisdicción del tribunal y que este hecho se desprendía claramente del acuerdo transaccional que el TPI de Humacao estipuló. Además, alegaron que la petición de Colegio Mi Cuido era improcedente ya que esta no formaba parte del pleito pues el tribunal no lo había declarado jurídicamente mediante alguna resolución. Luego de presentadas las oposiciones de las respectivas partes, el TPI de Humacao declaró No Ha Lugar la petición de nulidad el 16 de noviembre de 2023.[14]

Inconforme, el 15 de diciembre de 2023, el Colegio Mi Cuido acude ante este Tribunal mediante el presente recurso de apelación y nos señala la comisión de los siguientes errores:

1. Erró el TPI al emitir una sentencia con perjuicio disponiendo de la totalidad de la causa de acción donde no tenía jurisdicción para emitir el fallo ante la ausencia de parte indispensable tal y como expusiera el Lcdo. Adorno Peña en representación de Ortiz Dávila en su moción de desestimación.

2. Erró el TPI al emitir una sentencia con perjuicio disponiendo de la totalidad de la causa de acción al acoger unos acuerdos transaccionales por parte de la JP [Junta de Planificación] en violación de su propia ley y sus reglamentos.

3. Erró el TPI al emitir una sentencia con perjuicio disponiendo de la totalidad de la causa de acción donde el Lcdo. Adorno Peña se condujo de una manera poco ética y reprochable conforme exige la profesión de respeto al Honorable Tribunal y compañeros abogados al momento de litigar una causa.

Luego de conceder una extensión de término solicitada por los demandados, el 5 de febrero de 2024, emitimos una *Resolución* donde concedimos a la Junta de Planificación y a los demandados hasta el 9 de febrero de 2024 para la presentación de sus alegatos en oposición. Ambas partes comparecieron dentro de la fecha establecida, por lo que, contando con el beneficio de la comparecencia de estas, procedemos a resolver.

---

[13] Apéndice 25 del *Recurso de Apelación*, págs. 23-24.
[14] Apéndice 7 del *Recurso de Apelación*, págs. 47-48.

**II**

**A. Emplazamiento y sumisión voluntaria**

El emplazamiento es el mecanismo procesal más adecuado por el cual el tribunal adquiere jurisdicción sobre una persona, sin embargo, esta no es la única manera. Esta también se puede realizar mediante la "sumisión voluntaria" a la jurisdicción del tribunal y "consiste en que una parte comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito, sometiéndose así a la jurisdicción del Tribunal". *Vázquez v. López*, 160 DPR 714, 721 (2003), que cita a *Qume Caribe, Inc. v. Srio. de Hacienda*, 153 DPR 700, 711 (2001). Por tanto, se ha reconocido por el Tribunal Supremo de Puerto Rico que "la comparecencia voluntaria de la parte demandada suple la omisión del emplazamiento y esto es suficiente para que el tribunal adquiera jurisdicción sobre la persona bajo las garantías del debido proceso de ley." *Vázquez v. López*, *supra*, que cita a *Qume Caribe, Inc. v. Srio. de Hacienda*, *supra*.

Esta sumisión puede hacerse de forma explícita o tácita. *Peña v. Warren*, 162 DPR 764, 778 (2004); *Shuler v. Shuler*, 157 DPR 707 (2002); *Márquez v. Barreto*, 143 DPR 137, 143 (1997). Ahora bien, para que la comparecencia de un demandado confiera jurisdicción al tribunal sobre su persona se requiere algo más que su presencia en corte, se requiere un acto sustancial que la constituya parte en el pleito. *Peña v. Warren, supra*; que cita a *Qume Caribe, Inc. v. Srio. De Hacienda*, *supra*, pág. 718 y a *Mercado v. Panthers Military Society*, 125 DPR 98 (1990). Una parte puede someterse voluntariamente a la jurisdicción del tribunal si cumple con órdenes y presenta documentos pertinentes dirigidos a dilucidar la reclamación incoada por la parte demandante en su contra. *Vázquez v. López, supra.* No obstante, para que se cumpla con los requisitos de la excepción a la falta de jurisdicción por sumisión voluntaria, la parte indebidamente emplazada debe comparecer ante el Tribunal pendiente el

litigio a otros fines que no sean los de impugnar la falta de jurisdicción del tribunal. *Rodríguez v. Urban Brands*, 167 DPR 509, 524–525 (2006).

Nuestro Tribunal Supremo ha establecido que hay sumisión cuando una parte demandada comparece ante el tribunal a través de su abogado en un escrito titulado contestación, cuando presenta reconvención aún sin contestar, cuando contesta y presenta defensas afirmativas sin alegar ausencia o deficiencia del emplazamiento, o cuando contesta y refuta una moción sobre relevo de sentencia. Regla 49.2 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 49.2.; sin alegar falta de jurisdicción sobre la persona. *Méndez v. Sucesión Sella*, 62 DPR 345 (1943); *Sterzinger v. Ramírez, supra*; *Banco Santander v. Fajardo Farms*, 41 DPR 237 (1996); Cuevas Segarra, José A., Tratado de Derecho Procesal Civil, San Juan, Publicaciones J.T.S., Ed., Tomo I, (2000) pág. 138.

### B. Sentencia por acuerdo transaccional

Un contrato de transacción puede surgir a la vida jurídica tanto de forma judicial, como extrajudicial. Claro está, siempre se requerirá que cada uno los contratantes cumplan con una concesión. *Sagardía De Jesús v. Hosp. Aux. Mutuo*, 177 DPR 484, 498 (2009); *Neca Mortg. Corp. v. A & W Dev. S.E.*, 137 DPR 860, 870 (1995). Los elementos constitutivos de este contrato son:

a. la existencia de una controversia o relación jurídica incierta litigiosa;

b. la intención de las partes de sustituir—mediante la transacción—, la incertidumbre sobre los elementos objetivos de la relación jurídica por otra "cierta e incontestable"; y

c. concesiones recíprocas. *Sagardía De Jesús v. Hosp. Aux. Mutuo*, *supra*.

El Artículo 1497 del Código Civil de 2020, dispone que "[p]or el contrato de transacción, mediante concesiones recíprocas, las partes ponen fin a un litigio o a su incertidumbre sobre una relación jurídica." 31 LPRA sec. 10641.

La causa del contrato de transacción es la incertidumbre que le antecede a su otorgamiento, pues "[l]as partes, al transigir, podrían encontrarse en un estado de incertidumbre en torno a la razón jurídica que les asista y la ignorancia objetiva del resultado del pleito o pleito futuro" y "[e]sa incertidumbre es lo que

normalmente les mueve a transigir." *Sagardía De Jesús v. Hosp. Aux. Mutuo*, *supra*.

En cuanto a los requisitos básicos de consentimiento, objeto y causa requeridos por nuestro ordenamiento a todo tipo de contrato, aplicables a los acuerdos de transacción, se ha pautado lo siguiente:

> Existe el consentimiento de los contratantes, ya que tiene que ser consensual; su objeto es la controversia entre las partes —la polémica judicial o extrajudicial— pues sin ella no puede existir la transacción; y su causa consiste en la eliminación de la controversia mediante recíprocas concesiones, pues si bien tiene el propósito de desaparecer un conflicto pendiente, se diferencia de otras figuras contractuales que tienen la misma finalidad, en que ello se logra mediante renuncias mutuas. *Neca Mortg. Corp. v. A & W Dev. S.E.*, *supra*, pág. 871.

Si el Tribunal acoge un acuerdo transaccional a fines de dar por terminado un litigio, lo acordado tendrá efecto de cosa juzgada entre las partes. (Énfasis nuestro.) *Rodríguez Rosado v. Zayas Martínez*, 133 DPR 406, 410 (1993).

**III**

La parte apelante señala que el TPI erró al emitir una sentencia con perjuicio que dispuso de la totalidad de la causa de acción, (1) **sin tener jurisdicción** ante la ausencia de parte indispensable, (2) al **acoger unos acuerdos transaccionales** por parte de Junta de Planificación en violación de su propia ley y sus reglamentos; y, donde el Lcdo. Adorno Peña se condujo de una manera poco ética y reprochable conforme exige la profesión de respeto al Honorable Tribunal y compañeros abogados al momento de litigar una causa. No tiene razón.

Surge de los escritos de las partes que la Junta de Planificación atendió la querella presentada por el Colegio Mi Cuido y procedió a presentar la *Demanda de Injunction Estatutario Preliminar y Permanente* donde se alega sobre el incumplimiento de los apelados en cuanto a lo dispuesto en el Permiso de Uso del establecimiento comercial en su propiedad, y solicita los remedios interdictales de rigor.

Luego de los trámites judiciales de rigor, la Junta de Planificación y los querellados, presentaron ante al TPI el escrito titulado ***Estipulaciones***

*de Acuerdo Transaccional y Solicitud de Sentencia,* suscrito por las partes que tienen legitimación, pues los querellados están obligados a cumplir con los requerimientos de su permiso de uso conforme a lo regulado por la Junta de Planificación. El Tribunal de Primera Instancia, dictó una *Sentencia* la cual aprobó la transacción sometida por los querellados y la Junta, sujeta al fiel y estricto cumplimiento de todos los compromisos, obligaciones y estipulaciones entre sí, con los apercibimientos de rigor sobre las consecuencias, si se incumplen las obligaciones acordadas.

La parte interventora y apelante, Colegio Mi Cuido, presentó una *Petición de Nulidad de Sentencia* por falta de jurisdicción, con el planteamiento de que la *Sentencia* emitida adolecía de parte indispensable refiriéndose a la co-demandada Elizabeth Gómez Acevedo, por no haber sido emplazada correctamente, según lo alegado por el co-demandado Raúl Ortiz Dávila en su *Moción de Desestimación*. Sin embargo, surge del expediente que la co-demandada Elizabeth Gómez Acevedo comparece conjuntamente con el co-demandado Raúl Ortiz Dávila y ambos conjuntamente con la Junta del Planificación, con sus respectivos abogados en el escrito titulado **Estipulaciones de Acuerdo Transaccional y Solicitud de Sentencia** sometido ante el foro sentenciador. Es decir, la co-demandada Elizabeth Gómez Acevedo **se sometió voluntariamente a la jurisdicción del tribunal**, hecho que surge claramente del acuerdo transaccional admitido y aprobado por el TPI de Humacao. Por otro lado, Colegio Mi Cuido compareció como interventor por su interés en torno a la querella que presentó, la cual fue atendida por la Junta de Planificación al presentar la *Demanda de Injunction Estatutario Preliminar y Permanente*. Finalmente, en cuanto al señalamiento sobre la alegada conducta del Lcdo. Adorno Peña, somos del criterio que no se cometió el error señalado.

Resolvemos que la Sentencia dictada culmina las gestiones requeridas para atender los reclamos presentadas ante la Junta por la parte interventora.

**IV**

Por los fundamentos antes expuestos, se confirma la *Sentencia* apelada.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones